MARY JOHNSON, as Administratrix, etc., of ANNA JOHNSON, Deceased, Appellant, *v.* SIDNEY DIAMOND, Respondent.

·First Department, April 4, 1924.

**Process — substituted service — defendant lived sometimes with sister in one apartment and sometimes with parents in another apartment in same house — summons, complaint and order directing service properly served by affixing same to outer door of sister's apartment.**

Service of process was properly effected by affixing copies of the summons, complaint and order directing the service thereof, all being addressed to the defendant, to the outer door of apartment B-4, although he claimed residence in apartment A-1 at the same street and number, since it appears that a copy was duly mailed as required by the order; that defendant received the papers affixed to the outer door of apartment B-4 on the same day on which they were so affixed; that the janitress of the apartment house directed the process servers to apartment B-4 as the residence of the defendant; and that the defendant's parents lived in apartment A-1, and his sister and brother-in-law in apartment B-4, and that it was his habit to live sometimes in one apartment and sometimes in the other.

DOWLING and MERRELL, JJ., dissent.

APPEAL by the plaintiff, Mary Johnson, as administratrix, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of January, 1924, granting the defendant's motion to set aside the service of the summons.

*Charles F. Black,* for the appellant.

*F. A. W. Ireland,* for the respondent.

McAVOY, J.:

The order under review granted the motion to set aside the service of a summons. An order had been theretofore made by which the summons was directed to be served by leaving a copy thereof and of the order at the residence of Sidney Diamond, the defendant, at No. 2007 Marmion avenue in the borough of The Bronx, with a person of proper age, etc., as section 231 of the Civil Practice Act provides, and if no such person could be found or admittance could not be obtained, by fixing the same to the

outer or other door of defendant's residence and by mailing a copy through the postoffice, as provided, to defendant's place of residence.

It appears from the affidavits of Sidney Diamond that he resides with his parents at No. 2007 Marmion avenue, borough of The Bronx, city of New York, in an apartment designated as A-1; and that the defendant's sister, Mrs. Irving Nichthauser, lives with her husband at the same address in an apartment designated as B-4, which is located one floor above the apartment in which defendant claims to reside. The affidavit of Julia Nichthauser is to the same effect.

From the affidavits of the defendant Sidney Diamond and of Irving Nichthauser it appears that copies of the summons, complaint and order directing the service thereof, all being addressed to Sidney Diamond, were affixed to the outer door of apartment B-4; and that on or about November 9, 1923, the sister of the defendant brought to his attention the fact that legal documents had been affixed to the outer door of her apartment B-4; and that the said legal documents had at no time been affixed to the outer or other door of the defendant's claimed residence at apartment A-1, 2007 Marmion avenue, borough of The Bronx, city of New York.

The legal documents in question are stated by Irving Nichthauser in his affidavit to have consisted of the summons, complaint and order directing the service thereof.

There is no dispute that the copy of the summons and complaint and of the order were affixed to the outer door of apartment B-4, nor is there any dispute that a copy was duly mailed as required by the order. The defendant admits having received the summons and complaint so affixed to the outer door of apartment B-4 on the same day on which it was so affixed. It is, therefore, undisputed that the summons and complaint were received by the defendant, the only question being whether the defendant resided in apartment B-4 or apartment A-1, apartment A-1 being the apartment on the floor immediately below apartment B-4.

The defendant, in support of his assertion that the summons and order were improperly served, states in his affidavit that he resides in apartment A-1, and his sister and brother-in-law aver that they reside in B-4, and that the defendant does not reside with them.

The defendant does not question the statements made to the two process servers on different occasions by both Mrs. Nichthauser, the sister of the defendant, and Irving Nichthauser, the brother-in-law of the defendant, that Sidney Diamond lived with them in apartment B-4. The defendant does not controvert by any proof the statements of both process servers that the janitress of the apartment house No. 2007 Marmion avenue directed each

of them to apartment B-4 as the residence of the defendant nor does he controvert the statements of both process servers that the names of Irving Nichthauser and Sidney Diamond were placed together over the same letter box at the entrance to said apartment house, No. 2007 Marmion avenue, and that the ringing of the outer door bell of said apartment B-4 immediately underneath said letter box caused the outer door to be automatically opened by the occupants of apartment B-4.

The defendant states that he received the summons and complaint and order on November ninth, the very day it was affixed to the outer door of apartment B-4.

The defendant was a traveling salesman and undoubtedly he had no fixed place of abode. His parents lived in apartment A-1, and his sister and brother-in-law lived in apartment B-4. Evidently it was his habit to live in both apartments. His sister and brother-in-law, however, had charge of defendant's mail, and his name was on the same letter box with theirs, and apartment B-4 was pointed out by the janitress of the building as the apartment where defendant lived.

The proof is sufficiently clear that defendant's place of residence is in apartment B-4, and that the affixing of the summons, complaint and order properly complied with the direction of the court in that respect.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

SMITH and MARTIN, JJ., concur; DOWLING and MERRELL, JJ., dissent.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.