■ ARTHUR CHALK, Respondent, v CATHOLIC MEDICAL CENTER OF BROOK-LYN AND QUEENS, INC., et al., Defendants, and CALVIN N. HAINES, Appellant. —In a medical malpractice action, defendant Calvin Haines Norman, sued herein as Calvin Norman Haines, appeals from an order of the Supreme Court, Kings County, entered September 15, 1976, which (1) sustained the validity of personal service upon him pursuant to CPLR 308 (subd 2) and (2) directed him to serve his answer within a stated period of time. Order reversed, on the law, with $50 costs and disbursements, and complaint dismissed as against defendant-appellant. The sole issue raised on this appeal is whether personal service of process upon the appellant, pursuant to CPLR 308 (subd 2) was properly made. CPLR 308 provides, in pertinent part: "Personal service upon a natural person shall be made by any of the following methods: * * * 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons to the person to be served at his last known residence". The Special Term held that valid service was made upon defendant Haines pursuant to CPLR 308 (subd 2). We disagree and accordingly reverse the order and dismiss the complaint as against the appellant. The complaint alleges that plaintiff was admitted to the emergency room of the defendant Catholic Medical Center of Brooklyn and Queens (hereinafter St. Mary's Hospital) on February 3, 1973, with scalp lacerations and abrasions. He received treatment, including X rays, and was released. The allegations of medical malpractice concern the appellant's failure to diagnose and treat a skull fracture which resulted in brain damage and permanent incapacity to plaintiff. The appellant was then, and presently is, director of radiology at St. Mary's Hospital, which is located in the Borough of Brooklyn, in New York City. Appellant resides in Nassau County and has no other place of business. On November 3, 1975 a process server appeared at the hospital and served an administrator, one Bernard McCaffey, with process naming appellant as a defendant. Copies of the papers were then mailed to the appellant at the hospital's address. The process mailed to him at the hospital was returned by the hospital to plaintiff's counsel, in a letter dated November 3, 1975, on the ground that the hospital could not "be responsible for delivery of same." Appellant never answered and defaulted. By notice of motion dated June 15, 1976, plaintiff moved for an inquest against appellant. In opposition to the motion, appellant argued, insofar as is here pertinent, that the mailing of process authorized by CPLR 308 (subd 2) could not be made to his business address when he had a residence elsewhere. The Special Term held that service was valid and directed appellant to serve an answer. In so holding, the Special Term reasoned that while the statute presently provided for mailing to defendant's residence, it had provided, prior to September 1, 1971, for mailing to a defendant's last known "address" and that, according to the Judicial Conference's report to the Legislature, the change was merely "stylistic" and intended no substantive change. We disagree with the conclusion and reasoning of the Special Term. A brief

history of the relevant legislation concerning this matter is in order. Prior to the enactment of the CPLR in 1962 (eff Sept. 1, 1963), the prerequisites and manner of substituted service upon a natural person residing within New York State was prescribed by sections 230 and 231 of the Civil Practice Act. The two methods of substituted service provided for in those statutes were (1) leaving a copy of the summons at the defendant's "residence" with a person of proper age or (2) affixing the process to defendant's "residence" and mailing the process to the defendant "at his place of residence" (Civ Prac Act, § 231). Under the Civil Practice Act, there was authority to the effect that neither a defendant's actual place of business nor any other location which was not actually used by him as living quarters would be regarded as his "residence" for the purposes of section 231 of the Civil Practice Act (see *Weinstein v Potashnikoff,* 25 NYS2d 314; *Young v Young,* 10 AD2d 922; *Johnson v Diamond,* 208 App Div 639). When the CPLR was adopted in 1962, the prerequisites and manner of substituted service was prescribed in section 308 (subd 3). That section provided for substituted service by mailing the summons to the defendant's "last known residence" and either affixing it to "his place of business, dwelling house or usual place of abode" or delivering it to a person of suitable age and discretion at defendant's "place of business, dwelling house or usual place of abode". In *Timen v Robinson* (NYLJ, April 6, 1964, p 15, col 1), it was held that a mailing to a defendant's actual place of business, as opposed to a mailing to his "last known residence", would not be sufficient to effect substituted service pursuant to former CPLR 308 (subd 3) (see, also, *Entwistle v Stone,* 53 Misc 2d 227). While there is authority pursuant to *Denning v Lettenty* (48 Misc 2d 185) to the effect that substituted service upon an intern, pursuant to former CPLR 308 (subd 3), could be made at the hospital at which he worked, it is clear from a reading of that case that the basis thereof was the fact that defendant therein did in fact live and reside at the hospital during his internship. In the case at bar, the record is clear that defendant has no living quarters in the hospital and maintains one residence only and that such residence is in Nassau County. In 1970, the Legislature, pursuant to the Laws of 1970 (ch 852, § 1), enacted a new section 308 and, in the process, divided and renumbered subdivision 3 of the former section 308. The new statute provides, in subdivision 2 thereof, for regular personal service by means of delivery of the summons to a person of suitable age and discretion at the defendant's actual place of business, dwelling place or usual place of abode and by mailing to defendant's "last known address". In subdivision 4 of the new section 308, the Legislature provided for substituted service by means of affixing the summons to the door of the defendant's actual place of business, dwelling place or usual place of abode, and by mailing the summons to his last known residence. The life span of the provision in CPLR 308 (subd 2) requiring mailing to defendant's "last known address" was extremely short since the Legislature, in apparent dissatisfaction with the phrase, and pursuant to the Laws of 1971 (ch 176, § 1), eliminated the word "address" and restored the word "residence", leaving the statute in its present form. However, even during the short period that the word "address" was present in CPLR 308 (subd 2), it was apparently construed as meaning "residence" (see *Maloney v Ensign,* 43 AD2d 902). It is also interesting to note that in those cases which have thus far considered the question, the courts of our sister States have regularly held that the term "address" as employed in statutes respecting substituted service is synonymous with "residence" and not vice versa (see 32 ALR3d 112, 192). The actual result of the Legislature's 1971 amendment

was to restore the statutory scheme that existed prior to 1970 insofar as mailing was concerned, i.e., any mailing effectuated under the statute had to be made to defendant's "last known residence". In drafting the statute, the Legislature was careful to use precise terminology in order to avoid confusion. In the absence of any ambiguity, these terms should be given their common and normal understanding. A quick perusal of Webster's New World Dictionary (Coll. ed, 1966) indicates that the term "residence" is defined as "the place in which a person or thing resides; dwelling place; abode; especially, a house." Finally, if in fact plaintiff had difficulty in ascertaining appellant's residence, his remedy lay in the alternative method of service, which is available by court order pursuant to CPLR 308 (subd 5), and not by fashioning a method of service which is not sanctioned by statute. In sum, the service of process upon appellant pursuant to CPLR 308 (subd 2) was improper in that process was mailed to his place of employment rather than to his "last known residence", as required by the statute. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.