■ CHEMICAL BANK, Respondent, v CAKEPAN, INC., et al., Defendants, and LEWIS WERB et al., Appellants.—Judgment, Supreme Court, New York County, entered April 28, 1977, in favor of plaintiff against the individual defendants Lewis Werb, Florence Werb and Aldo Puletti for $9,766.13, is unanimously reversed, on the law; the judgment is vacated, and plaintiff's motion for summary judgment denied, without costs to any party. Defendants' cross motion for judgment was properly denied. Separate appeals

from orders, Supreme Court, New York County, entered January 20 and April 6, 1977, are dismissed, without costs. The order of January 20, 1977 was superseded by the order of April 6, 1977 granting reargument, and the order of April 6, 1977 is subsumed in the final judgment and reviewed on the appeal therefrom. The action is against indorsers and guarantors of a promissory note. The defendants interposed the defense of the Statute of Limitations. The facts in the record are too ambiguous to warrant summary judgment. The original due date of the note was October 24, 1968. This action was not begun until in or about June, 1976. Payments, however, were made on the note until October, 1973. These payments were sent by defendant Lewis Werb. There is a triable issue of fact as to whether the payments were made on behalf of that defendant or as agent for the corporate maker. Payments by one of several obligors do not toll the Statute of Limitations with respect to claims against other obligors who have not made payments (at least if plaintiff knows the source of the payments). (Cf. *Scott v Palmer,* 246 App Div 379, affd 273 NY 471; *Lyons Nat. Bank v Moore,* 14 AD2d 488.) Nor are we wholly satisfied on this record that defendant Lewis Werb's letters of transmittal of payments constituted acknowledgments of the debt sufficient to make the action against him timely. (General Obligations Law, § 17-101; *Scott v Palmer, supra.)* We can see some question whether the Statute of Limitations ever began to run against Lewis Werb (or Puletti) in the light of subdivision (3) of section 3-122 of the Uniform Commercial Code, which provides that a cause of action against an indorser of an instrument "accrues upon demand following dishonor of the instrument." (Cf. CPLR 206, subd [a].) The parties, however, have not addressed themselves to this last question. Defendant Florence Werb was apparently not an indorser but a guarantor. (The almost complete illegibility of the copy of her guarantee contained in the record makes it difficult for us to make a definitive interpretation of the instrument.) It is apparently not contended that any payments were made by or on behalf of Florence Werb. Plaintiff contends, however, that Florence Werb's guarantee covered extensions and renewals of the original note. But the record is not clear whether the original note was ever extended or renewed as distinct from plaintiff simply not suing on the note. With respect to defendant Aldo Puletti, it is conceded that he was never served with the summons in this action. As his answer contained a defense of lack of personal jurisdiction over him, that objection was preserved notwithstanding participation in the defense of the action (CPLR 3211, subd [e]). Either party may ultimately be entitled to judgment. We hold only that a case has not been made out for summary judgment. Finally, we note that here again we have the too frequent abuse of a record on appeal containing almost illegible copies of the critical documents in the case. It is the duty in the first instance of appellant, and if appellant is derelict in this, then of respondent, to see to it that the court has clear, legible copies of the relevant documents. Concur—Sullivan, J. P., Lupiano, Silverman, Ross and Yesawich, JJ.