■ KATHERINE CALLOWAY et al., Respondents, v NATIONAL SERVICES INDUSTRIES, INC., Doing Business as SIX GUN TERRITORY, Appellant. — Judgment of the Supreme Court, Bronx County, after trial (Silbowitz, J., and jury), entered on July 29, 1982, in favor of plaintiff Katherine Calloway in the amount of $750,902.75 and in favor of plaintiff Bobby Calloway in the amount of $25,106.25, reversed, on the law and facts, without costs, and the motion by defendant for an order dismissing the complaint on the ground the court lacked jurisdiction over the person of the defendant is granted. This action arose out of injuries suffered by the plaintiff Katherine Calloway on June 7, 1975, while a visitor at the defendant's amusement park, known as Six Gun Territory, located in Pennsylvania. On April 29, 1976, a deputy sheriff attested in his affidavit of service that he served a copy of the summons and complaint upon "Mrs. Shields, General Agent, at the office of Moe Hankin, an officer of said defendant". On May 13, 1976, defendant interposed an answer which contained, *inter alia,* an affirmative defense that the court lacked jurisdiction over the person of the defendant in that process was not served in accordance with the provisions of the CPLR. Trial Term, in its decision denying defendant's motion to dismiss the complaint upon the jurisdictional ground raised in its affirmative defense, found that the undisputed facts established that Moe Hankin was not an officer of the defendant corporation and that neither Mr. Hankin nor Mrs. Shields were persons authorized to accept service on defendant under the provisions of CPLR 311 (subd 1). However, Trial Term noted that in the six years between joinder of issue and defendant's motion to dismiss the complaint, the matter was vigorously litigated with defendant making seven motions to compel discovery necessary to defend the suit on the merits. At no time during this six-year interval was any application made by defendant addressed to the jurisdictional issue. The court found that defendant's conduct in this litigation constituted an implied waiver of its jurisdictional objection. This holding of Trial Term, however, is unsupported by the law of this State and the facts of this case. Neither Mrs. Shields nor Moe Hankin was a person authorized to receive service on the part of defendant, and Trial Term so found. The fact that the summons and complaint were delivered to defendant shortly afterwards does not alter the situation. "Service upon an outsider will not suffice even though the outsider thereafter conveys notice to the corporation" (*De Candia v Hudson Waterways,* 89 AD2d 506, 507). CPLR 320 (subd [b]) and 3211 (subd [e]) permit a defendant who objects to jurisdiction the right to preserve such objection by asserting an affirmative defense to that effect in the answer. "The *practical effect* of asserting the defense by answer

rather than by motion is to put off resolution of the objection until the trial" (*Colbert v International Security Bur.*, 79 AD2d 448, 463). Participation in the defense of the action does not waive a defense of lack of personal jurisdiction contained in the answer (*Chemical Bank v Cakepan, Inc.*, 72 AD2d 515). A defendant, who pleads a related counterclaim together with a jurisdictional objection in its answer, does not waive such objection (*Goodman v Solow*, 27 AD2d 920). Nor does a defendant who impleads a third party waive such defense (*Italian Colony Rest. v Wershals*, 45 AD2d 841). *A fortiori*, defendant herein, by simply defending on the merits and seeking discovery, did not expressly or impliedly waive its jurisdictional objection. No prejudice resulted to plaintiffs from the defendant's election to raise the jurisdictional objection in its answer. Plaintiffs had a little over two years to move to dismiss the jurisdictional defense before the expiration of the Statute of Limitations. By asserting the jurisdictional defense defendant alerted plaintiffs that jurisdiction was challenged. The remedy thereafter lay in plaintiffs' hands — a motion to strike the defense pursuant to CPLR 3211 (subd [b]). "If the objection is used as a defense in the answer instead of being taken by motion, it evinces the defendant's preference to defer determination of the objection until later, *perhaps until the trial itself. The plaintiff, however, may bring the issue to prompt adjudication by moving to dismiss the defense* pursuant to CPLR 3211 (subd [b]) (Siegel, New York Practice, § 111, p 138; emphasis added). Concur — Murphy, P. J., Sullivan, Asch and Lynch, JJ.

Kupferman, J., dissents in a memorandum as follows: While it may be that the verdict in favor of the injured plaintiff is excessive and could be somewhat reduced, I cannot agree that there is no jurisdiction. The person who was served was a secretary to Lowen "Moe" Hankin, an attorney and one of the owners of the land leased to the appellant on a seasonal basis for use as an amusement park. As an attorney, Mr. Hankin immediately transmitted the summons and complaint to the officers of the defendant-appellant in Atlanta, Georgia. This could have been sufficient service. (See *Conforti v Beekman Downtown Hosp.*, 79 AD2d 968.) However, Trial Term based its denial of defendant's motion to dismiss the complaint on long delay and procedural activity between the pleading of lack of jurisdiction and the trial. (Cf. *Biener v Hystron Fibers*, 78 AD2d 162.) Under the circumstances, the matter having reached a conclusion after so many years of litigation and a long trial, it is inequitable to void the result.