## (May 12, 1983)

■ ALEXANDER SMITH CARPET, Respondent, v WALTER ARNOLD, INC., et al., Appellants. — Order of Supreme Court, New York County (B. Altman, J.), entered June 23, 1982, denying defendants' motion for summary judgment and directing defendants' appearance for examination before trial, unanimously reversed, on the law, and the motion is granted dismissing the complaint, without costs. Plaintiff, a carpet manufacturing corporation, brought this action against a retail and commercial dealer (the corporate defendant) and its president and principal stockholder (the individual defendant) to recover the value of merchandise supplied. The action should have been dismissed for failure to acquire personal jurisdiction over defendants. The defense of lack of personal jurisdiction was raised in defendants' timely answer. Service of summons and complaint was purportedly effected by delivery to an identified individual at defendants' alleged residence in Massapequa, New York. Plain-

tiff apparently chose this place to make delivery of process in January, 1982 based upon a Dun & Bradstreet report of January 31, 1981, indicating the Massapequa address as the residence of the individual defendant, and the location from which the corporate defendant operates. Service of process in this fashion was defective and failed to acquire jurisdiction over either the individual or the corporate defendant. Where personal service upon a natural person cannot be made by delivery to the individual himself, alternative service may be made upon a person of suitable age and discretion "at the actual place of business, dwelling place or usual place of abode" of the individual defendant, followed by mailing of the summons to the defendant at his last known residence (CPLR 308, subd 2). Defendants assert that the Massapequa address is the residence of the individual defendant's mother and younger brother, and that since 1972 the individual defendant has resided continuously with his family at another Long Island address in Babylon. Thus, personal jurisdiction over the individual defendant could only have been acquired if the Massapequa address were the actual place of defendants' business, and the summons were subsequently mailed to the individual defendant's last known residence. There is no evidence in the record that such a mailing ever took place, thus rendering the alternative form of service defective. Further, aside from the Dun & Bradstreet report there is no indication in the record that the Massapequa address was the actual place of defendants' business. That same report indicates that the operating location of the corporation is at the residence of its president, although no residence of that individual is reflected in the report. Service upon the corporate defendant was also defective. Personal service upon a corporation is effected by delivering the summons to an officer, director or agent authorized to accept service (CPLR 311, subd 1). No connection had been established between the corporate defendant and the individual actually served at the Massapequa address. In fact, defendants aver that this individual was merely a house guest at the time. Plaintiff asserts that defendants' affirmative participation in this case by way of counterclaims and defenses of other than a jurisdictional nature amounts to a waiver of the jurisdictional objection. Affirmative participation in the defense of an action does not waive an asserted defense of lack of personal jurisdiction (*Chemical Bank v Cakepan, Inc.,* 72 AD2d 515, 516). Even if the counterclaim had been interposed along with the plea of lack of jurisdiction, this would not have amounted to a submission to the jurisdiction of the court (*Katz & Son Billiard Prods. v Correale & Sons,* 26 AD2d 52, affd 20 NY2d 903). Here the defendants did not interpose their counterclaim for damages due to delivery of defective goods until after Special Term rejected their motion for summary judgment on jurisdictional grounds. Thus, the case is unlike *Flaks, Zaslow & Co. v Bank Computer Network Corp.* (66 AD2d 363, 366, app dsmd 47 NY2d 951), wherein we held that a defendant who sought summary judgment on its counterclaim after successfully asserting the affirmative defense of lack of jurisdiction "waived its previously sustained jurisdictional objection" by making the forum its own. Defendants' belated motion for leave to interpose a counterclaim was merely to secure an alternative to pursue in the event this appeal was unsuccessful. It did not waive the jurisdictional defense. Concur — Murphy, P. J., Fein, Kassal and Alexander, JJ. Kupferman, J., concurs in the result only.