■ SUPREME MERCHANDISING Co., INC., Respondent, v IWA-HORI KINZOKU Co., LTD., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Arthur E. Blyn, J.), entered April 23, 1985, denying the motion of the defendant, Iwahori Kinzoku Co., Ltd., to dismiss the complaint against it for lack of jurisdiction, and to vacate an order of attachment granted on May 25, 1984 and served on the Chemical Bank on May 30, 1984, modified, on the law, without costs, to grant the motion to vacate the order of attachment, and otherwise affirmed.

In an action by the plaintiff Supreme Merchandising Co., Inc., alleging violation of a contract for the sale to plaintiff of a quantity of butane lighters, the defendant, Iwahori Kinzoku Co., Ltd. (Kinzoku), appeals from an order denying its motion pursuant to CPLR 3211 (a) (9) to dismiss the complaint against it for lack of jurisdiction, and to vacate an order of attachment granted on May 25, 1984. For reasons set forth in our opinion in a related case *(Supreme Mdse. Co. v Chemical Bank,* 117 AD2d 424) decided after the order appealed from, the order of attachment should be vacated.

As to that part of the motion seeking dismissal of the complaint against Kinzoku for lack of jurisdiction, we deny that application. We observe preliminarily that there appears to be no persuasive reason why effect should not be given to paragraph 14 of the contract alleged by plaintiff to have been violated, in which the parties agreed that "any legal action or proceeding may be brought by either party against the other in any court of Japan or the United States." Under the circumstances presented, involving a contract for the shipment over a period of time of goods from Kinzoku in Japan to the plaintiff in this country, we are persuaded that the agreement is correctly interpreted as constituting the consent of both parties to jurisdiction in the courts of either country.

Because of the sparseness of the record in relevant respects, a more elusive issue is presented by Kinzoku's contention that the service effected on it was legally ineffective to establish in personam jurisdiction. The record discloses an affidavit by a Japanese attorney that he personally served the summons and complaint on Kinzoku's general manager on July 21, 1984, service authorized by, and in conformity with, CPLR 313. However, Kinzoku contends with some force that the effective-

ness of this service is governed not by CPLR 313, but by The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ([Convention], 20 UST 361), to which this country and Japan were both signatories; that the Convention prescribed that service in other countries was to be effected through a designated central authority; that the Convention went on to provide in article 10 for alternative forms of service in the absence of objection by the State of destination; and that Japan lodged a specific objection to such alternative forms of service, which would have embraced the service reflected in this record. *(See, Reynolds v Koh,* 109 AD2d 97.)

The record does not establish that the service effected was in conformance with the requirements of The Hague Convention in light of the objections specifically registered by the Japanese Government to alternative forms of service. On the other hand, the record does not exclude the possibility that the personal service by a Japanese lawyer, presumably familiar with the requirements of his country's laws, was in pursuance of a procedure authorized by Japanese law, nor does it clearly demonstrate that Japan would not have recognized the service as lawful. We think it unnecessary to resolve this question because the record is clear that Kinzoku waived its objection to the court's in personam jurisdiction when its moving papers failed to include an objection to personal jurisdiction under CPLR 3211 (a) (8). *(See,* CPLR 3211 [e].)

No doubt there are other circumstances in which this omission might be deemed insubstantial, and as interposing no barrier to considering the proffered issue on the merits. However, we see no persuasive reason to exercise our discretionary power in a case in which the defendant agreed to jurisdiction in the courts of this country in any action arising out of the contract, and in which personal service was indisputably effected by a Japanese lawyer, and effected in a manner that might be considered even more certain to achieve its purpose than that contemplated by The Hague Convention. Concur— Sandler, J. P., Fein, Milonas, Kassal and Ellerin, JJ.