■ JOHN LUKASH et al., Appellants, v TIMOTHY J. O'CONNELL et al., Doing Business as McQ's TAVERN, Respondents.— Order unanimously affirmed without costs. Memorandum: Special Term properly dismissed the complaint for lack of personal jurisdiction (CPLR 3211 [a] [8]). Plaintiffs, through their agent the Niagara County Sheriff, did not effect substituted service under CPLR 308 (4) because, at the time service was attempted, the statute required that the summons be mailed to a defendant's "last known residence" *(cf.,* L 1987, ch 115, § 1). Here the summons was mailed only to each defendant's business address *(see, Feinstein v Bergner,* 48 NY2d 234,

239; *Chalk v Catholic Med. Center*, 58 AD2d 822). Moreover, plaintiffs did not exercise "due diligence" under CPLR 308 (4) in attempting to effect personal service under CPLR 308 (1) and (2) because each defendant's residence address was listed in the telephone directory and could have been found upon inspection *(see, Smith v Wilson*, 130 AD2d 821; *PacAmOr Bearings v Foley*, 92 AD2d 959). Defendants did not waive their jurisdictional defense by appearing in the action and conducting discovery *(see, Calloway v National Servs. Indus.*, 93 AD2d 734, 735, *affd* 60 NY2d 906; *Chemical Bank v Cakepan, Inc.*, 72 AD2d 515, 516). Lastly, plaintiffs made no showing that service under CPLR 308 (1), (2) and (4) was "impracticable" to justify their request for service, nunc pro tunc, under CPLR 308 (5) *(see, Markoff v South Nassau Community Hosp.*, 91 AD2d 1064, *affd* 61 NY2d 283; *Inglesias v Baptist Med. Center*, 94 AD3d 738). (Appeal from order of Supreme Court, Niagara County, Mintz, J.—summary judgment.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.