■ BANK HAPOALIM, B.M., Respondent, v KOTTEN MACHINE CO. OF BROOKLYN, INC., et al., Defendants, and BRONEY GADMAN, Appellant.—Appeal of the individual defendant, Broney Gadman, from judgment of the Supreme Court, New York County (Burton S. Sherman, J.), entered on October 10, 1985, adjudging him to be personally liable to plaintiff in the sum of $304,192.75, which had been held in abeyance by this court and remanded for a traverse hearing (130 AD2d 428, 429), judgment unanimously reversed, on the law and the facts, for lack of personal jurisdiction, the judgment vacated and the action against him is dismissed, with costs.

Respondent, Bank Hapoalim, B.M. (the Bank), commenced this action by notice of motion of summary judgment in lieu of complaint returnable on December 30, 1980, seeking to enforce certain promissory notes and guarantees. Service was made solely upon defendant Kotten Machine Co. of Brooklyn, Inc. (Kotten Brooklyn [which does not appeal, nor does defendant Kotten Machine Co. of California, Inc. (Kotten California)]). Defendant-appellant Broney Gadman (Gadman), president and managing officer of Kotten Brooklyn, which was guarantor of the notes, was not personally served, although he was referred to as a defendant in the motion papers.

On December 18, 1980, defendant Kotten Brooklyn submitted answering papers which included an affidavit by Gadman, in his corporate capacity. In his affidavit, Gadman conceded the execution of the loan agreements, on behalf of defendant Kotten Brooklyn, but contested the amounts demanded by respondent. Nowhere in the affidavit did Gadman state that he was appearing individually in the action.

By decision dated January 15, 1981, and subsequently entered on March 20, 1981, Special Term (Katz, J.) granted the Bank's summary judgment motion as to liability and ordered an immediate trial to determine damages.

According to an affidavit of service by William Flood, sworn to on March 26, 1981, Gadman was served on March 25, 1981 with a summons and "Notice of Motion for Summary Judg-

ment in Lieu of Complaint, affidavit and exhibits."* On April 15, 1981, Gadman's attorney submitted an affirmation on behalf of Gadman as an individual defendant. This was the first formal appearance of Gadman as an individual defendant. This affirmation alleged, *inter alia,* that the Bank lacked personal jurisdiction over Gadman because the purported service did not comply with the CPLR.

Annexed to the affirmation of Gadman's attorney was an affidavit, the first submitted by Gadman as an individual defendant. The pertinent portions of this affidavit are as follows:

"1. I am the defendant in the above-entitled action. Plaintiff lacks in personum *[sic]* jurisdiction over me because the method of services *[sic]* attempted did not comply with the requirements of the CPLR and was insufficient to confer jurisdiction. No summons was served upon me personally or mailed to my residence. No summons was affixed to my door.

"2. I deny each and every allegation of the plaintiff except as to those allegations admitted in my affidavit as President of Kotten Machine Co. of Brooklyn, Inc., annexed hereto."

Gadman repeatedly asserted that he was entitled to a dismissal for lack of personal jurisdiction in the course of subsequent extensive motion practice. On October 19, 1983, the Bank's attorney submitted an affirmation which alleged that Gadman had been served on March 25, 1981, and, for the first time, produced the William Flood affidavit of service to that effect, dated March 26, 1981.

In a decision dated March 6, 1984, Special Term (Burton S. Sherman, J.) rejected Gadman's allegations that he was not served and held him to be individually liable to plaintiff for $304,192.75. A judgment was subsequently entered on October 10, 1985, from which Gadman appealed.

In May 1987, we held that appeal in abeyance and remanded the case for a traverse hearing to determine the validity of service upon Gadman. (130 AD2d 428, 429, *supra.)* On remand, the Referee concluded "that personal jurisdiction did not exist over Mr. Gadman by virtue of the purported service made by William Flood on March 25, 1981." This conclusion was based first upon the fact that while Flood

---

* This March 25, 1981 purported service was not only in excess of six months after the corporate defendant was served, but was, in fact, over two months after Special Term rendered its decision and five days after the judgment was entered. Thus, the order entered March 20, 1981 was not applicable to Gadman in his individual capacity.

claimed he served Gadman at his home, he listed an incorrect address on his affidavit. Second, personal service could not have been effectuated upon Gadman on March 25, 1981 because Gadman was not in the United States, but in Spain, on that date, a fact confirmed by Gadman's passport at the hearing.

Having established to our satisfaction that service was not properly made, we must now determine whether Gadman made an appropriate and timely objection to the lack of in personam jurisdiction. A defendant is entitled to a "judgment dismissing one or more causes of action asserted against him on the ground that * * * the court has not jurisdiction of the person of the defendant". (CPLR 3211 [a] [8].) A defendant who has an objection arising out of lack of personal jurisdiction may either make a motion to dismiss the complaint, or, in the alternative, raise the objection in his answering papers (CPLR 3211 [a] [8]; [e]; *Calloway v National Servs. Indus.,* 60 NY2d 906, 907 [1983], *affg* 93 AD2d 734 [1st Dept 1983]; *see,* Siegel, NY Prac § 111, at 138). Thus, by including the jurisdictional objection in his answering papers, the affirmative defense is duly and timely asserted. *(Montcalm Publ. Corp. v Pustorino,* 125 AD2d 188 [1st Dept 1986]; *Boas & Assocs. v Vernier,* 22 AD2d 561, 564 [1st Dept 1965].)

Here, Gadman interposed the defense in his answering papers dated April 15, 1981, the first papers filed on his behalf as an individual defendant. Therefore, it cannot be held that he waived his objection and agreed to be subject, as an individual defendant, to the jurisdiction of the court. *(Cf., Supreme Merchandising Co. v Iwahori Kinzoku Co.,* 121 AD2d 193, 194 [1st Dept 1986], no objection to lack of in personam jurisdiction raised in moving papers.) Nor can we conclude that Gadman's defense was vitiated by virtue of the fact that other claims were raised in these first responding papers. *(See, Calloway v National Servs. Indus., supra; Boas & Assocs. v Vernier, supra.)*

Moreover, Gadman's subsequent participation in the action as an individual defendant may not be construed as a waiver of his jurisdictional defense. In *Calloway (supra),* we held that there was no implied waiver of defendant's original jurisdictional objection, despite six years of subsequent and vigorous litigation, which holding was affirmed by the Court of Appeals for the reasons stated. (60 NY2d, *supra,* at 907; *see also, Turkish v Turkish,* 126 AD2d 436, 439 [1st Dept 1987]; *Lukash v O'Connell,* 138 AD2d 957, 958 [4th Dept 1988].) Indeed,

Gadman repeatedly and ardently renewed the jurisdictional objection during the course of the litigation.

Accordingly, in light of the lack of effective service upon the individual defendant Gadman and his duly raised objections raising the defense of lack of personal jurisdiction, the judgment against him is reversed and the action against him dismissed. Concur—Sullivan, J. P., Carro, Wallach and Smith, JJ.