Requestor: Richard W. Breslin, Esq., County Attorney County of Chenango County Office Bldg. Norwich, N Y 13815
Written by: Siobhan Crary, Assistant Attorney General
You have asked several questions about section 15-304 of the General Obligations Law. That statute provides that when an oil, gas or mineral lease recorded in any New York county is forfeited, terminated or expires, the lessee must provide the landowner with a recordable document cancelling the lease. General Obligations Law § 15-304(1). If a lessee fails to comply, the landowner may serve the lessee with notice of demand to cancel the lease stating that if a release is not executed within thirty days the lease will be terminated and of no effect. Id., § 15-304(2).
Section 15-304(2)(b) provides:
 "(b) service of such notice demanding a release shall be effected either personally, by certified mail to the lessee's, and where the lease has been assigned, the assignee's, last known business address, or, if service cannot be made with due diligence by the prior two methods, by publication once a week for three weeks in a newspaper of general circulation in the county where the leased land is situated."
The lessee then has thirty days to supply an affidavit stating that the lease remains in effect. Id., § 15-304(2)(b). You ask whether service is effected under this provision, so that no further efforts at service are required, when a notice is sent by certified mail but returned as "undeliverable". You also ask whether, if the attempted mailing does not constitute completed service, upon return of the undelivered notice is it necessary to attempt personal service before resorting to publication.
The statute does not state when service by certified mail is to be deemed complete. Compare, Court of Claims Act § 11, which provides that service of a claim upon the Attorney General by certified mail shall not be complete until the claim is received in the office of the Attorney General and CPLR § 312-a, which states that personal service by mail is complete when a signed acknowledgment of receipt is mailed or delivered to the sender. Here, the Legislature did not specifically state that service is complete only when the notice is received. However, if mailing alone were sufficient to effect service, there would be no reason to include in the statute a provision for publication "if service cannot be made with due diligence by the prior two methods". We conclude that service has not been effected pursuant to General Obligations Law § 15-304 when a notice is mailed to a lessee by certified mail and returned to the sender as undeliverable. The statute contemplates diligent attempts at personal or mail service, followed by publication if those efforts fail. The question whether due diligence has been employed in attempting to make service under this statute apparently has not been litigated. In assessing whether personal service cannot be made with due diligence for purposes of CPLR § 308, courts have looked at the facts on a case-by-case basis. See, e.g., Janko Pool Service v Berelson,145 A.D.2d 897 (3d Dept 1988) (one attempt at personal service does not constitute due diligence); Lukash v O'Connell, 138 A.D.2d 957 (4th Dept 1988) (a single mailing to business address not adequate when no efforts made to discover residence address); Siegel, New York Practice, 2d Ed, 1991, § 72, pp 93-95. Thus, there is no clear rule about what will be held to constitute due diligence in a particular circumstance. A court might not require attempts at personal service in all cases. In any event, the statute expressly states that if the notice cannot be served personally or by mail it must be published.
Section 15-304(2)(d) states that if a lessee does not file an affidavit asserting that the lease remains in effect within the required time,
 "the current landowner may file a copy of the original notice to the lessee or assignee and an affidavit of service thereof with the recording officer of the county in which the leased land is situated, and by such filing the lease shall be cancelled and of no further effect."
You ask whether the recording officer must physically note on the original lease that it has been cancelled by operation of this statute, or whether it is sufficient to reference the filing made under section 15-304(2)(d). The statute provides that the notice is to be filed and that "by such filing the lease shall be cancelled". It appears that the recording officer need not take any action other than properly filing the notice.
We conclude that a single unsuccessful attempt to serve a notice under General Obligations Law § 15-304 by certified mail does not constitute effective service. The statute requires service by publication when service cannot, with due diligence, be made personally or by certified mail. Finally, the statute provides that in the absence of an affidavit from the lessee, when the notice is filed the lease is cancelled by the filing. It is not necessary for the recording officer to label the original lease as "cancelled".
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.