■ CAROLINA V. DINICU, Previously Known as MOROCCO, Appellant, v GROFF STUDIOS CORP. et al., Respondents. [626 NYS2d 800] —Order, Supreme Court, New York County (William J. Davis, J.), entered on or about April 7, 1994, which, to the extent appealed from, granted the motion of defendants Thomas Bradford and Sally Henderson to dismiss the complaint as against them for lack of personal jurisdiction, to the extent of referring the matter to a Special Referee to hear and report, and order, same court and Justice, entered on or about October 31, 1994, which, inter alia, granted the motion of defendants Bradford and Henderson to confirm the Referee's report dated July 21, 1994, and directed that a judgment be entered dismissing the amended complaint as against them, unanimously affirmed, without costs.

Once a jurisdictional defense is raised in answer to the complaint, it is deemed timely asserted, and defendants do not waive the defense by asserting a "related" counterclaim, or by thereafter seeking discovery or participating in defense of the action (Textile Technology Exch. v Davis, 81 NY2d 56; Bank Hapoalim v Kotten Mach. Co., 151 AD2d 374, 376). In this case, no waiver took place, as defendants' counterclaims for nuisance, and the actions they took to achieve an abatement thereof, are inextricably linked to and arise out of the same set of transactions or occurrences as plaintiff's claims against them for interference with contract and intentional infliction of emotional distress. There also was no basis for finding valid service of process in this case, where there was clear access to the defendants' apartment at all times, and plaintiff failed to demonstrate, at the reference, that the acceptance of mail and

deliveries by other tenants in the building was anything more than a courtesy (cf., duPont, Glore Forgan & Co. v Chen, 41 NY2d 794; Roldan v Thorpe, 117 AD2d 790, lv dismissed 68 NY2d 663). Concur—Sullivan, J. P., Rosenberger, Wallach, Nardelli and Williams, JJ.