■ SAFKA HOLDINGS, LLC, Appellant, v 220 WEST 57TH STREET LIMITED PARTNERSHIP, Respondent. 220 WEST 57TH STREET LIMITED PARTNERSHIP, Respondent, v SAFKA HOLDINGS, LLC, Appellant. [37 NYS3d 546]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered June 29, 2015, dismissing the complaint and awarding defendant the total amount of $128,047.65, and bringing up for review an order, same court and Justice, entered May 8, 2014, which, among other things, granted defendant's motion for summary judgment dismissing the complaint and granted it partial summary judgment as to liability on its counterclaim for attorneys' fees, and an order, same court and Justice, entered February 9, 2015, which denied plaintiff's motion to reject a special referee's report, and granted defendant's cross motion to confirm the report, unanimously affirmed, without costs. Appeals from orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this breach of contract action stemming from a failed real estate transaction between plaintiff, the prospective buyer, and defendant, the prospective seller, the motion court correctly granted defendant's motion for summary judgment dismissing the complaint. Defendant demonstrated that it fulfilled its contractual obligations by timely providing all requested due diligence information. Plaintiff's claims that defendant's responses were either incomplete or provided too late are inconsistent and unsupported by the record, and thus insufficient to defeat defendant's motion.

Even if an issue of fact did exist as to whether defendant met its obligations, dismissal of the complaint would still be appropriate because plaintiff failed to give defendant notice of and an opportunity to cure any deficiencies prior to bringing suit, as required by the parties' agreement. Plaintiff's argument regarding the validity of defendant's own termination notice raises an issue not asserted in the complaint or in any motions before the motion court, and is not properly before us in the context of this appeal.

The motion court providently exercised its discretion in adopting the Special Referee's recommendation and awarding attorneys' fees and costs in the recommended amounts. The Referee's findings were supported by the record, and the Referee clearly defined the issues and resolved matters of credibility (see Steingart v Hoffman, 80 AD3d 444, 445 [1st Dept 2011]). Defendant presented evidence supporting the fee application, including the amount of time spent and the lawyers' experience, ability and reputation (see Matter of Freeman, 34 NY2d 1, 9 [1974]), and plaintiff failed to appear or offer any evidence to contest the evidence presented by defendant.

Concur—Friedman, J.P., Andrias, Richter, Gische and Kahn, JJ.