Jolley v Lando (2021 NY Slip Op 00679)





Jolley v Lando


2021 NY Slip Op 00679


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


88 CA 19-01634

[*1]BENJAMIN L. JOLLEY, PLAINTIFF-RESPONDENT,
v
AGOSTINHA R. LANDO, DEFENDANT-APPELLANT. 






MICHAEL A. ROSENHOUSE, ROCHESTER, FOR DEFENDANT-APPELLANT.
MILLER MAYER LLP, ITHACA (ANTHONY N. ELIA, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Steuben County (Robert B. Wiggins, A.J.), entered August 23, 2019. The order, among other things, found defendant to be in contempt for failing to comply with prior orders and imposed a fine. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the finding of contempt and the imposition of a fine upon the contempt and as modified the order is affirmed without costs.
Memorandum: In this equitable distribution action, defendant appeals from an order determining various motions by the parties after the entry of an order that equitably distributed the marital property (prior order). Part of the prior order concerned the equitable distribution of the Lindley property and Country Walk Estates (CWE) property, which were marital properties. In relevant part, the prior order ordered that defendant shall pay to plaintiff within 30 days the sum of $238,670 for equitable distribution pertaining to the Lindley property; ordered that plaintiff owed defendant $27,044 for a prior debt, which defendant could deduct from the sum she owed to plaintiff; ordered defendant to prepare and sign deeds reconveying a one-half interest in the remaining Lindley property and the CWE property within 60 days; and ordered defendant to provide to plaintiff an accurate accounting of income and expenses pertaining to the CWE property within 90 days, and thereafter, depending on whether there was a net profit or loss shown, plaintiff or defendant shall pay to the other the sum equal to one-half the net profit or loss. Based on the prior order, plaintiff obtained a judgment against defendant that was signed by the Steuben County Clerk in the amount of $211,625.78, which represented the $238,670 equitable distribution award for the Lindley property less the $27,044.22 that plaintiff owed to defendant.
Defendant moved pursuant to CPLR 5015 (a) (3) to vacate the judgment on the ground of misconduct by plaintiff's attorney in obtaining the judgment in violation of CPLR 5016 (c) by not presenting the judgment to the court. Plaintiff cross-moved, inter alia, for an order denying defendant's motion to vacate or, in the alternative, to request Supreme Court to approve the judgment nunc pro tunc. Defendant then cross-moved for contempt and sanctions against plaintiff. While the motion and cross motions were pending, the court advised counsel for the parties that on the adjourned return date of the motion and cross motions, the court would determine whether defendant should be fined for contempt, apparently referencing defendant's refusal to sign deeds to the properties as directed in the prior order as well as other subsequent orders. In the order now appealed from, the court denied defendant's motion to vacate the judgment and denied as academic plaintiff's cross motion insofar as it sought alternative relief. The court held that the prior order contained an unequivocal mandate to pay the amount demanded within 30 days, and thus the judgment was appropriately entered thereon, and defendant raised no legitimate ground to vacate it under CPLR 5015. The court also denied defendant's cross motion for contempt and sanctions inasmuch as defendant showed no grounds to merit that relief. The court then found that defendant's failure to sign the deeds for the subject [*2]properties was a willful violation of the orders and imposed a fine of $535,000, representing one-half the value of the properties.
Defendant contends that the finding of contempt should be vacated. "To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753 (A) (3), the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [2d Dept 2018]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Matter of Mauro v Costello, 162 AD3d 1475, 1475-1476 [4th Dept 2018]). Where the order upon which the finding of contempt was based is subsequently modified or reversed, that does not necessarily mean that the order of contempt must be reversed. A party is still required to obey an order of the court even if the order is erroneously made (see Gottlieb v Gottlieb, 137 AD3d 614, 618 [1st Dept 2016]). Where, however, the court did not have jurisdiction, or the order is void on its face, then the order cannot form the basis for a finding of contempt (see id.; Matter of Bickwid v Deutsch, 229 AD2d 533, 534-535 [2d Dept 1996], lv denied 89 NY2d 802 [1996]; see also People v Loverde, 151 AD3d 1738, 1738-1739 [4th Dept 2017]).
Here, after the entry of the order on appeal, this Court modified the prior order upon an appeal by defendant (Jolley v Lando, 187 AD3d 1530 [4th Dept 2020]). Defendant had transferred title to the Lindley property to her children while reserving a life interest for herself, and she transferred title to the CWE property to an LLC of which she was the sole owner, but later gifted that LLC to her children (id. at 1532). We stated in our decision that Supreme Court (Latham, A.J.) equitably distributed the Lindley and CWE properties "by directing defendant to prepare and execute deeds listing plaintiff as a one-half owner of those properties" (id.). We held that "[t]he court, however, lacked jurisdiction to do so inasmuch as the children and the LLC were not named as parties to this action" (id.). We therefore conclude in this appeal that the directive in the prior order requiring defendant to sign those deeds cannot be a basis for a finding of contempt, and we therefore modify the order by vacating the finding of contempt and the imposition of a fine upon that contempt.
Defendant next contends that the court erred in denying her motion to vacate the judgment because plaintiff's counsel obtained the judgment in contravention of CPLR 5016 (c). We reject that contention. CPLR 5016 (c) provides that a "[j]udgment upon the decision of a court or a referee to determine shall be entered by the clerk as directed therein. When relief other than for money or costs only is granted, the court or referee shall, on motion, determine the form of the judgment." Where a matter "involves an uncomplicated disposition or simple judgment for a sum of money which speaks for itself," the judgment may be entered by the clerk without prior submission to the court (Funk v Barry, 89 NY2d 364, 367 [1996]).
Here, the prior order did not direct any party to settle or submit a judgment to the court, thus indicating that a judgment could be entered by the clerk without prior submission to the court (see Matter of Barone v Dufficy, 186 AD3d 1358, 1360 [2d Dept 2020]). In addition, the second ordering paragraph of the prior order provided that defendant "shall pay to [p]laintiff the sum of $238,670 for equitable distribution pertaining to the Lindley, New York property; said money to be paid within 30 days." That is a simple directive for payment of a sum of money which speaks for itself, and thus a judgment on that amount may be entered by the clerk. As plaintiff correctly recognizes, however, based on various errors made by the court in its calculations, we modified the prior order by striking the sum of $238,670 and substituting therefor the sum of $104,350 (Jolley, 187 AD3d at 1532), and thus the judgment will now need to be modified to reflect that determination.
We have considered defendant's remaining contention and conclude that it is without merit.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court