Cohn v RTW Retail Winds Acquisition LLC (2025 NY Slip Op 05626)

Cohn v RTW Retail Winds Acquisition LLC

2025 NY Slip Op 05626

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Webber, J.P., Kennedy, Mendez, Rodriguez, Higgitt, JJ. 

Index No. 653518/24|Appeal No. 4958-4959-4960-4961-4962-4963|Case No. 2024-07867, 2025-00032, 2025-00033, 2025-00034, 2025-00035, 2025-00057|

[*1]Sarah Cohn, Plaintiff-Respondent,
v
RTW Retail Winds Acquisition LLC, Defendant, Saadia Group LLC et al., Defendants-Appellants. 

Clark Guldin Attorneys at Law, New York (Jonathan A. Ozarow of counsel), for appellants.
Wilson Williams LLC, New York (William A. Wilson III of counsel), and Christopher Pioch & Associates, New York (Christopher Pioch of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about December 13, 2024, which awarded judgment against all defendants jointly and severally in the amount of $139,361.53 plus 9% prejudgment interest, and awarded plaintiff $50,000 for attorneys' fees, unanimously modified, to the extent of vacating the judgment as against defendants Yakoub Saadia and Joseph Saadia, and otherwise affirmed, without costs. Order, same court and Justice, entered January 2, 2025, which granted plaintiff's motion to hold the individual defendants in civil contempt, unanimously reversed, on the law, without costs, and the order vacated. Appeals from orders, same court and Justice, entered on or about November 25, 2024, November 27, 2024, November 29, 2024, and December 4, 2024, unanimously dismissed, without costs, as taken from nonappealable orders.
Supreme Court providently exercised its discretion in awarding attorneys' fees in the amount of $50,000 in connection with plaintiff's proceedings against defendants RTW Retail Acquisition LLC and Saadia Group LLC (see Slabakis v Poyiadjis, 239 AD3d 554, 555 [1st Dept 2025]). The attorneys for plaintiff submitted affirmations, supported by copies of the firm's billing summaries, reflecting the description of the work performed, the date each task was performed, the hours expended on each task, and the attorney that completed each task. The attorneys' affirmations also attested to their depth of experience and knowledge of the laws involved (see Safka Holdings, LLC v 220 W. 57th St. L.P., 142 AD3d 865, 866 [1st Dept 2016]). 
However, Supreme Court's order finding the individual defendants in contempt is based on their noncompliance with orders entered before jurisdictional issues were resolved (see Sigmoil Resources v Vittorio Lecca Ducagini Duca di Guevara Suardo Fabbri, 228 AD2d 335, 336-337 [1st Dept 1996]; see also Jolley v Lando, 191 AD3d 1252, 1254 [4th Dept 2021]). It is undisputed that although plaintiff served the individual defendants at addresses located in Brooklyn, the driver's licenses submitted by those individual defendants, though redacted, showed that they were then New Jersey residents. The competing averments concerning their residence at the time of service warranted a traverse hearing, which was never held (see Nationstar Mtge. LLC v McCallum, 167 AD3d 523, 524 [1st Dept 2018]). The individual defendants' appearance in opposition to plaintiff's motion for a default judgment did not confer jurisdiction because they raised the jurisdictional defect in their papers (see Dinicu v Groff Studios Corp., 215 AD2d 323, 323 [1st Dept 1995]). As a result, because Supreme Court did not have jurisdiction when it entered the orders, the orders cannot form the basis for a finding of contempt.
The appeals from the remaining orders are dismissed, as they did not decide motions made on notice (see e.g. Unanue v Rennert, 39 AD3d 289, 290 [1st Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025