■ SCOTT NAGER, Respondent, v MARTI PANADIS et al., Defendants, and ALFONSO VITALE et al., Appellants. [655 NYS2d 946] —Order, Supreme Court, New York County (Carol Arber, J.), entered January 18, 1996, which denied defendants' motion to confirm a certain Referee's report rendered after a traverse hearing, and granted plaintiff's cross motion to the extent of directing defendants to answer the complaint within twenty days of the order, is unanimously reversed, on the law and the facts, without costs, plaintiff's cross motion is denied, defendants' motion is granted, the report is confirmed and the complaint is dismissed as against Alfonso Vitale and the Society of San Gennaro. The Clerk is directed to enter judgment dismissing the complaint herein in favor of the defendants-appellants, Alfonso Vitale and the Society of San Gennaro.

It is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly

defined the issues and resolved matters of credibility (*Kaplan v Einy*, 209 AD2d 248, 251; *Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705, 706, *lv dismissed sub nom. Walker v Sant'Andrea*, 72 NY2d 954), since the Special Referee is considered to be in the best position to determine the issues presented (*supra*).

In the matter at bar, the IAS Court erred when it declined to confirm the report as a review of the report reveals that Special Referee Liebman cogently and concisely analyzed the issues presented, and evaluated and credited the defendants' testimony. Referee Liebman also correctly determined that plaintiff's prima facie evidence of service was effectively rebutted by the defendants' testimony and, coupled with plaintiff's failure to offer substantive evidence in reply, such as the existence of the individual allegedly served or the reason for discrepancies in the location where process was purportedly served, recommended a finding that service was improper (*see, Carlino v Cook*, 126 AD2d 597).

Accordingly, the report should have been confirmed. Concur—Murphy, P. J., Williams, Tom and Mazzarelli, JJ.