(October 21, 1999)

■ In the Matter of GERALD D. BRODER, Respondent. JMARQ CORPORATION, Appellant. [696 NYS2d 459] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered August 20, 1998, which, in a proceeding seeking judicial dissolution of respondent JMARQ Corporation pursuant to article 11 of the Business Corporation Law, granted petitioner's motion for, *inter alia*, confirmation of a Referee's report, dated February 12, 1998, which found petitioner to have standing to bring this

proceeding as holder of 50% of the outstanding corporate stock, and appointment of petitioner as temporary receiver of the corporation pending determination of this proceeding, unanimously modified, on the law, the facts and in the exercise of discretion, solely to vacate the appointment of petitioner as temporary receiver and remand to Supreme Court for appointment of a qualified neutral receiver, and otherwise affirmed, without costs.

In his resolution of credibility issues, to which we defer, the Referee found that petitioner is the holder of half the outstanding stock in JMARQ, thus conferring standing on him to maintain this proceeding (*see*, Business Corporation Law § 1104 [a]). This finding is supported by the record (*see*, *Nager v Panadis*, 238 AD2d 135), and we therefore affirm the confirmation of the report.

Petitioner, an attorney, represented JMARQ at the closing of its acquisition of a certain building in Bronx County, and, as found by the Referee, advanced $137,745 of the cost of purchasing the building, in consideration of which he was assigned 50% of JMARQ's stock by the other shareholder, who advanced $129,940. Although it is usually not advisable for an attorney to contract with a client with respect to matters other than legal services, such contracts are not voidable per se, at the will of the client (*Greene v Greene*, 56 NY2d 86, 92), without some showing that the attorney got the "better of the bargain." Here, we find no such showing. On the contrary, to void this transaction would result in an inequitable forfeiture of the funds advanced by petitioner, without any credible evidence that such funds have ever been repaid.

The rejection of the other 50% shareholder (who opposes dissolution) as a receiver was proper under Business Corporation Law § 1113, since that party has been convicted in Federal court of altering a certified check, and his father, who has also participated in JMARQ's management, was proven by petitioner to have negotiated an invalid $100,000 check. On the other hand, petitioner's mere status as a shareholder of JMARQ is no express bar to his appointment as receiver under the express terms of the statute. However, the special circumstances established here, including the extreme hostility between the parties, strongly militate against petitioner's nomination as a temporary receiver. His designation as such was an improvident exercise of discretion, and we remand for appointment of a qualified neutral receiver. Concur—Ellerin, P. J., Tom, Mazzarelli, Wallach and Lerner, JJ.