■ 144 BLEECKER STREET CORP., Appellant, v SOUTO GEFFEN COMPANY et al., Respondents, et al., Defendants. [717 NYS2d 103] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 30, 1999, which, *inter alia*, denied plaintiff's motion pursuant to RPAPL 1371 for leave to enter a deficiency judgment against defendants-respondents, unanimously affirmed, with costs.

The record amply supports the Special Referee's finding of credibility, to which the IAS Court appropriately deferred (*see*, *Matter of Broder*, 265 AD2d 218; *Rezzadeh v Lucas*, 253 AD2d 698), rejecting plaintiff's process server's testimony that he personally delivered the motion for leave to enter a deficiency judgment to defendants' attorney's wife at the attorney's office. Such finding is supported by, among other things, a log book that was in disarray and failed to intelligibly record the alleged service, and testimony that incorrectly described the attorney's wife. Assuming that the personal service requirement of RPAPL 1371 (2) permits deliver-and-mail service in accordance with CPLR 308 (2), and assuming further that mail service that gives actual timely notice of the motion can be judicially validated nunc pro tunc as an alternative method of

service for purposes of RPAPL 1371 (*see, Bianco v Coles*, 131 AD2d 10, 13-14 [3d Dept]), we would not validate the mailing allegedly made herein. First, the record contains no convincing indications that plaintiff's process server attempted with due diligence to deliver the motion to a person of suitable age and discretion (*cf.*, CPLR 308 [5]). Second, no basis exists to disturb the Special Referee's finding that plaintiff's process server did not, as claimed, mail the motion to defendants' attorney's office. Concur—Sullivan, P. J., Rubin, Saxe, Buckley and Friedman, JJ.