■ WESTLAND GARDEN STATE PLAZA, L.P., Respondent, v EZAT, INC., Trading as VARIZIONI, Defendant. MANOUCHER HEDVAT, Nonparty Appellant. WESTLAND GARDEN STATE PLAZA, LIMITED PARTNERSHIP, Respondent, v HERSHEL HEDVAT, Respondent, and MANOUCHER HEDVAT, Appellant. [833 NYS2d 84]—

Orders, Supreme Court, New York County (Herman J. Cahn, J.), both entered November 25, 2005, which, inter alia, confirmed the report of the special referee finding that the subpoenas at issue had been properly served on appellant and that appellant had deliberately and contumaciously failed to comply with them, and thereupon adjudged appellant in contempt and entitled plaintiff to recover attorneys' fees and costs, unanimously modified, on the law, to vacate the adjudication of contempt and the relief premised thereon, and otherwise affirmed, without costs.

The referee's finding that appellant Hedvat had been properly served with the subpoenas at issue, is supported by the record and was properly confirmed (*Nager v Panadis,* 238 AD2d 135 [1997]). However, the issue of whether Hedvat's noncompliance with the subpoenas constituted contempt was not referred to the referee (*see* CPLR 4212, 4311) and was not properly passed on by him and, accordingly, the referee's finding on that issue was not a proper basis for the court's adjudication of contempt against Hedvat. The elements of civil contempt (*see Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835 [1991]) in this matter involving nonjudicial subpoenas, were, in any event, not made out before the referee, and, even if they had been, the adjudication against Hedvat would still have been infirm since Hedvat was not afforded proper notice of and a hearing on the issue. It follows that there is no basis for an award of attorneys' fees and costs pursuant to Judiciary Law § 773. Concur—Tom, J.P., Marlow, Nardelli, Gonzalez and Kavanagh, JJ.