■ Gertrude Steingart et al., Respondents, v Barbara Hoffman, Appellant. [914 NYS2d 138]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about March 17, 2010, which, insofar as appealed from, denied defendant's motion seeking to modify in part the Referee's report, awarded the Referee $77,000 in compensation, and declined to award defendant prejudgment interest, unanimously affirmed, without costs.

The parties co-owned, as tenants in common, a penthouse unit originally purchased by their predecessors in interest in 1976. After the parties acquired the right of possession of the unit, they became involved in disputes over the ultimate disposition of the penthouse and their respective financial interests. Supreme Court appointed a referee in a RPAPL article 9 partition proceeding to sell the unit and to hear and report on the parties' respective interests in the proceeds of the sale.

"It is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly defined the issues and resolved matters of credibility" (*Nager v Panadis*, 238 AD2d 135, 135-136 [1997]). Here, based on the existing record, we find no basis to disturb the Referee's computations which were confirmed by the court. Nor do we find any basis to reject the Referee's conclusions explaining the sharp increase in the value of the unit between 2003 and 2007, when it was sold. Notably, the intervening period was characterized by a frenetic real estate market in the area where the unit is located, which, along with the efforts of plaintiff's broker, more plausibly explains the appreciation in value than do the improvements to the unit for which defendant was responsible.

Although there are aspects about the Referee's fee that remain unclear, the appendix submitted by defendant fails to include the necessary information for our review. However, we reject defendant's contention that the fee was restricted to that set forth in CPLR 8003 (a), which does not impose on a court the need to justify its award of a fee departing therefrom by a finding of extraordinary circumstances. Furthermore, in view of the equitable nature of the proceeding, and the numerous errors and omissions in certain of the bills sent by defendant to plaintiff, we find no basis to disturb the finding that defendant was not entitled to prejudgment interest (CPLR 5001 [a]). We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.