Busche v Grover (2020 NY Slip Op 01255)





Busche v Grover


2020 NY Slip Op 01255


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Gische, J.P., Webber, Oing, Singh, JJ.


11079N 308788/14

[*1] James Busche, Plaintiff-Respondent,
v
Madhu Grover, Defendant-Appellant, Vijaya Grover, et al., Defendants.


J. Kaplan & Associates, PLLC, New York (Joseph D. DePalma of counsel), for appellant.
Bradley H. Andrews, New York, for respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered November 21, 2018, which granted plaintiff's motion to confirm the report of the Special Referee, dated January 25, 2018, and directed entry of judgment in favor of plaintiff and against defendant Madhu Grover in the principal amount of $1,795,602.63, unanimously affirmed, with costs.
"It is well settled that the report of a Special Referee shall be confirmed whenever the findings contained therein are supported by the record and the Special Referee has clearly defined the issues and resolved matters of credibility" (Nager v Panadis, 238 AD2d 135, 135-136 [1st Dept 1997]; see Steingart v Hoffman, 80 AD3d 444, 445 [1st Dept 2011]). Here, the Referee's credibility determinations were amply supported by the record, as defendant's testimony was evasive and contradictory. The Referee also clearly defined the issue to be considered, namely whether defendant managed plaintiff's deferred compensation accounts, and then retained approximately $6 million of these funds for her own benefit. The Referee's finding that defendant owed plaintiff at least the judgment amount of $1,795,602.63 was supported by financial statements entered into evidence, together with the parties' testimony.
Under the circumstances, the court providently exercised its discretion in not considering further documents entered in opposition to plaintiff's motion to confirm. Such documents included a promissory note from defendant's mother, and certain SEC filings that should have been presented at the hearing so
that plaintiff had the opportunity to testify as to their contents.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK