Toobian-Sani Enters., Inc. v Bronfman Fisher Real Estate Holdings, LLC (2020 NY Slip Op 02532)





Toobian-Sani Enters., Inc. v Bronfman Fisher Real Estate Holdings, LLC


2020 NY Slip Op 02532


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Acosta, P.J., Richter, Mazzarelli, Moulton, JJ.


10965 651847/12

[*1]Toobian-Sani Enterprises, Inc., etc., Plaintiff-Appellant,
v
Bronfman Fisher Real Estate Holdings, LLC, et al., Defendants-Respondents, Joseph Kranzler, Defendant, 210 West 91st Street Owner, LLC, Nominal Defendant.


Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola (Jason Keith Blasberg of counsel), for appellant.
Wachtel Missry LLP, New York (Evan S. Weintraub of counsel), for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 11, 2018, which denied plaintiff's motion to reject a Special Referee's report recommending that the court find that defendant Joseph Kranzler was defendant Avi Dan's agent from May 1, 2008 to July 31, 2008, granted defendants' cross motion to confirm the report, and denied plaintiff's motion to compel Dan and defendant Bronfman Fisher Real Estate Holdings, LLC (Bronfman Fisher) to produce certain documents withheld on attorney-client privilege grounds, unanimously reversed, on the law, with costs, plaintiff's motion to reject the report granted, defendants' motion to confirm the report denied, and the matter remanded for disposition of plaintiff's motion to compel, in a manner not inconsistent with this order.
The Referee's determination that Kranzler ceased to be Bronfman Fisher's agent on January 1, 2008 and was subsequently Dan's agent from May 1 to July 31, 2008 is unsupported by the record, which contains documentary evidence that contradicts and renders incredible certain testimony offered by defendants on the agency issue (see Steingart v Hoffman, 80 AD3d 444 [1st Dept 2011]). Accordingly, defendants' position that Kranzler's communications with the attorneys who at different times represented Bronfman Fisher and Dan, are protected by the attorney-client privilege, is unsustainable. The motion court is directed to consider plaintiff's motion to compel in light of that conclusion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK