Kass v Machles (2021 NY Slip Op 00089)





Kass v Machles


2021 NY Slip Op 00089


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Shulman, JJ. 


Index No. 302502/10 Appeal No. 12813 Case No. 2020-03006 

[*1]Walter Kass, Plaintiff-Appellant,
v
Cindy Machles, Defendant-Respondent.


Kliegerman & Joseph LLP, New York (Michael P. Joseph of counsel), for appellant.
Lee A. Rubenstein, New York, for respondent.



Order, Supreme Court, New York County (Tandra Dawson, J.), entered on or about February 19, 2020, which, to the extent appealed from as limited by the briefs, confirmed the report of the Special Referee (Lancelot B. Hewitt, Special Referee), dated March 26, 2019, to the extent of adjudging plaintiff in civil contempt for his failure to comply with the subpoena at issue, drew an adverse inference against plaintiff with respect to his financial situation, and awarded defendant counsel fees, and denied plaintiff's cross motion seeking further discovery, unanimously modified, on the law, to the extent of vacating the adjudication of contempt and the interim counsel fee award, and otherwise affirmed, without costs.
Defendant's motion seeking to hold plaintiff in contempt was not referred to the Referee (see CPLR 4212 and 4311), and, accordingly, the Referee's finding on that issue was not a proper basis for the court's adjudication of contempt against plaintiff (see Westland Garden State Plaza, L.P. v EZAT, Inc., 39 AD3d 291, 292 [1st Dept 2007]). The court's subsequent nunc pro tunc order referring the contempt motion to the Referee to hear and report was insufficient to cure the jurisdictional defect. To find otherwise would impermissibly obviate the statutory requirements of the CPLR.
Although we vacate the adjudication of contempt against plaintiff, we find no reason to disturb the court's determination to draw a negative inference as to plaintiff, which was not based solely on the finding of contempt against him, but also his evasiveness at trial and misrepresentations to the court (see Cohen v Cohen, 294 AD2d 184 [1st Dept 2002]).
Contrary to plaintiff's contention, the court providently exercised its discretion in denying his cross motion for further discovery on defendant's business interests acquired after commencement of the action, including a forensic valuation. The court already denied plaintiff similar relief as not relevant to the issue of equitable distribution. Although a spouse is generally entitled to broad pretrial disclosure in matrimonial litigation (see Jaffe v Jaffe, 91 AD3d 551, 553 [1st Dept 2012]), here the court deemed any substantive discovery ended in 2015 and a trial had already commenced.
We vacate the award of interim counsel fees under Domestic Relations Law § 237(a) since the award was not intended for defendant to "carry on or defend the action or proceeding," but as a form of sanction against the husband, without any consideration by the court of the parties' respective financial circumstances (see generally DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021