Quadracci v Freeman (2021 NY Slip Op 04094)





Quadracci v Freeman


2021 NY Slip Op 04094


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 650913/16 Appeal No. 14118-14119-14120 Case No. 2020-00889 2020-01244 2020-03603 2020-04205 

[*1]Joel Quadracci et al., Plaintiffs-Respondents,
v
Debbie Klein Freeman, as Temporary Administrator of the Estate of Alexander Klein, et al., Defendants-Appellants.


Kenneth J. Glassman, New York, for appellants.
Foley & Lardner LLP, New York (Peter N. Wang of counsel), for respondents.



Judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered October 13, 2020, awarding plaintiffs $153,102.94, plus costs and prejudgment interest calculated from December 11, 2017, and bringing up for review orders, same court and Justice, entered January 8, 2020, affirming a referee's report, and on or about August 5, 2020, modifying the calculation of damages in a prior judgment entered February 4, 2020, unanimously affirmed, with costs. Appeals from the aforesaid orders and from the judgment entered February 4, 2020, unanimously dismissed, without costs, as superseded by and subsumed in the appeal from the judgment entered October 13, 2020.
In their complaint in this action, plaintiffs sought to recover the security deposit given in connection with their lease of a condominium unit owned by defendants, as well as their reasonable attorneys' fees. The court granted plaintiffs' motion to strike defendants' answer for failure to comply with discovery obligations, and thereupon granted judgment in favor of plaintiffs in the amount of the deposit plus statutory interest, and properly referred the issue of the amount of reasonable attorneys' fees to a referee to hear and report (see generally Curiale v Ardra Ins. Co., 88 NY2d 268, 279 [1996]). Plaintiffs are entitled to attorneys' fees under the lease and Real Property Law § 234 (see Graham Ct. Owner's Corp. v Taylor, 115 AD3d 50, 55 [1st Dept 2014], affd 24 NY3d 742 [2015]). Contrary to defendants' arguments, the motion court could consider the lease, even though it was not submitted by plaintiffs in support of their motion to strike, because it had been e-filed in connection with an earlier motion (see CPLR 2214[c]).
The Special Referee's recommendation as to the amount of reasonable attorneys' fees was amply supported by the record, including counsel's testimony and invoices sent to plaintiffs, and there is no reason to disturb the Referee's computation, which was confirmed by the court (see Steingart v Hoffman, 80 AD3d 444, 445 [1st Dept 2011]).
The court properly granted defendants' motion to modify the original judgment to the extent of awarding prejudgment interest only from the date of the order granting plaintiffs' motion to strike defendants' answer, since "the date on which the right to interest on the fees accrues is that on which the party seeking fees was determined to be the prevailing party" (Solow Mgt. Corp. v Tanger, 19 AD3d 225, 226 [1st Dept 2005]; see CPLR 5001[a]).
Lastly, defendants' argument that the court erred in entering the first judgment, because they had filed a notice of appeal and posted an undertaking, is unsupported by
the plain language of CPLR 5519(a)(2), which provides for a stay of proceedings to enforce any judgment. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 24, 2021