Rossman v Windermere Owners LLC (2020 NY Slip Op 05705)





Rossman v Windermere Owners LLC


2020 NY Slip Op 05705


Decided on October 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 13, 2020

Before: Webber, J.P., Mazzarelli, Oing, Shulman, JJ. 


Index No. 108350/2011 Appeal No. 12031 Case No. 2019-2688 

[*1]Arnold Rossman, Plaintiff-Respondent,
v
Windermere Owners LLC, et al., Defendants-Appellants.


Cullen & Associates, P.C., New York (Kevin D. Cullen of counsel), for appellants.
Office of Marc Bogatin, New York (Marc Bogatin of counsel), for respondent.



Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered January 24, 2019, awarding plaintiff the total amount of $822,900.43, and bringing up for review an order, same court and Justice, entered on or about January 4, 2019, which, following a nonjury trial, awarded plaintiff a rent-stabilized lease at a monthly rent of $470.72 and awarded overcharge damages and treble damages, unanimously modified, on the law and on the facts, to vacate the damages award and remand to the trial court for a specific determination of whether defendants' conduct constituted a fraudulent scheme to deregulate the apartment, and, if warranted, to recalculate the legal, regulated rent based on such findings, and otherwise affirmed, without costs.
The evidence at trial supported a declaration that plaintiff was entitled to a rent-stabilized lease and damages for rent overcharges, treble damages, and attorneys' fees. The trial court determined, relying on plaintiff's expert's testimony, that the work listed in the invoices proffered by defendants either was not performed as described or constituted a repair rather than an improvement. Defendants did not call their principal or any other witness to rebut the expert testimony, and the trial court had a basis to credit the expert's testimony over the testimony of the contractors' principals. The court's consideration of the useful life of the work performed in the 1990s did not change the outcome of its analysis, which turned in large part on the credibility of the witnesses and was supported by other evidence, and we therefore decline to disturb its findings (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
Although defendants assert that they relied on Division of Housing and Community Renewal (DHCR) guidance in policy statement 90-10 to establish what work was performed in the apartment through invoices, and therefore they were entitled to present invoices without the testimony of a witness with personal knowledge, nothing in the DHCR guidance provides that such proof cannot be rebutted with other evidence, such as the expert evidence presented here that showed that a significant portion of the alleged work was not performed or did not constitute improvements (DiLorenzo v Windermere Owners LLC, 174 AD3d 102, 117-18 [1st Dept 2019]).
Specifically, the trial court here noted that the parties' witnesses' respective credibility was the subject of extensive cross-examination and properly determined that defendants' evidence was rebutted by expert testimony (see Safka Holdings, LLC v 220 W. 57th St. L.P., 142 AD3d 865, 866 [1st Dept 2016]). Based on these credibility assessments, and defendants' failure to offer evidence of their good faith, defendants failed to rebut the presumption of willfulness in the overcharging of rent and removal of the apartment from rent stabilization in order to avoid the imposition of treble damages (see e.g. Smoke v Windermere Owners, LLC, 173 AD3d 500, 501 [1st Dept 2019]).
With respect to the calculation of damages, defendants maintain that recourse to the default formula under Thornton v Baron (5 NY3d 175 [2005]) was unwarranted, especially given that the registered legal regulated rent as of 2002 was $1,222.68. Defendants argue that under the new overcharge provisions of the Housing Stability and Tenant Protection Act (L 2019, ch 36) (HSTPA), the court may examine the rent history beyond the lookback period in order to establish the legal, regulated rent (Rent Stabilization Law § 26-516[a] ["a court of competent jurisdiction, in investigating complaints of overcharge and in determining legal regulated rent, shall consider all available rent history which is reasonably necessary to make such determinations"]).
The Court of Appeals recently determined in Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal ( NY3d , 2020 NY Slip Op 02127 [2020]) ("Regina") that the HSTPA's overcharge provisions do not apply to cases filed before its enactment (id. at *9), and that the law at time of the overcharge must be applied. Therefore, we rely on the pre-HSTPA law to decide this question.
What is more, Regina cautioned that nothing short of fraud warranted the application of the default formula: "In fraud cases, this Court sanctioned use of the default formula to set the base date rent. Otherwise, for overcharge calculation purposes, the base date rent was the rent actually charged on the base date (four years prior to initiation of the claim) and overcharges were to be calculated by adding the rent increases legally available to the owner under the RSL during the four-year recovery period . . . we never suggested that an alternative method of setting the base date rent could apply to a less blameworthy owner where not authorized by the statutory scheme" (id. at *5, 7).
Here, although the trial court found that defendants illegally deregulated the apartment and did so willfully, it did not specifically make a finding that fraud took place. We therefore remand the matter to the trial court for a specific finding of whether defendants' conduct constituted a fraudulent scheme to deregulate the apartment, and, if warranted, to recalculate the legal, regulated rent based on such findings (Matter of Grimm v State of N.Y. Div. of Hous. and Community Renewal Off. of Rent Admin., 15 NY3d 358, 367 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2020