40-40-40-38 78th St., LLC v Murillo (2021 NY Slip Op 50578(U))

[*1]

40-40-40-38 78th St., LLC v Murillo

2021 NY Slip Op 50578(U) [72 Misc 3d 127(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-260 Q C

40-40-40-38 78th Street, LLC, Appellant,
against
Virginia Murillo, Respondent, and Darwin Murillo, Tenant, et al.,
Undertenants. 

Belkin, Burden, Wenig & Goldman, LLP (Magda L. Cruz and Sherwin Belkin of counsel),
for appellant.
Queens Legal Services (Lino Diaz of counsel), for respondent.

Appeals from orders of the Civil Court of the City of New York, Queens County, dated
August 14, 2019 (Sergio Jimenez, J.) and January 15, 2020 (John S. Lansden, J.), respectively.
The order dated August 14, 2019, insofar as appealed from, upon reargument and/or renewal,
adhered to a prior order granting a motion by tenant Virginia Murillo for summary judgment
dismissing so much of the petition as was asserted against her in a nonpayment summary
proceeding. The order dated January 15, 2020, insofar as appealed from, denied the branch of
landlord's motion seeking to, in effect, dismiss tenant Virginia Murillo's overcharge
counterclaim.

ORDERED that, on the court's own motion, the appeals are consolidated for the purposes of
disposition; and it is further,
ORDERED that the order dated August 14, 2019, insofar as appealed from, is reversed,
without costs and, upon reargument, Virginia Murillo's motion for summary judgment dismissing
so much of the complaint as was asserted against her is denied; and it is further,
ORDERED that the order dated January 15, 2020, insofar as appealed from, is affirmed,
without costs. 
In this nonpayment proceeding, the petition alleged that the apartment at issue is not subject
to rent stabilization because the building contains fewer than six units. Virginia Murillo [*2](tenant) asserted that, in addition to the five units throughout the
first, second and third floors, the building had previously contained at least one more unit in the
basement, making it subject to rent stabilization and thereby requiring the dismissal of the
petition. Tenant also interposed a counterclaim for rent overcharge. After the Civil Court (Sergio
Jimenez, J.) granted tenant's motion for summary judgment dismissing the petition and set the
proceeding down for a trial on tenant's counterclaim, landlord moved for leave to reargue or
renew its opposition to tenant's motion. By order dated August 14, 2019, insofar as appealed
from, the Civil Court (Sergio Jimenez, J.), upon reargument and/or renewal, adhered to its prior
order. By order dated January 15, 2020, insofar as appealed from, the Civil Court (John S.
Lansden, J.) denied the branch of landlord's ensuing motion seeking, in effect, to dismiss tenant's
counterclaim based upon documentary evidence (see CPLR 3211 [a] [1]; see also
CPLR 404, 409).
Summary judgment is a drastic remedy and should not be granted when there is any doubt as
to the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320
[1986]). Here, tenant sought to establish, separately, that the building had been altered to contain
six or more residential units (see 246
Leonard Realty, LLC v Phoa, 65 Misc 3d 145[A], 2019 NY Slip Op 51757[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]) and that the basement had been used as a
housing accommodation (see Rashid v
Cancel, 9 Misc 3d 130[A], 2005 NY Slip Op 51585[U] [App Term, 2d Dept, 2d &
11th Jud Dists 2005]). Upon a review of the record, we find that there are triable issues of fact as
to whether alterations had been completed and whether the basement had ever been used as a
housing accommodation. Therefore, upon reargument, tenant's motion for summary judgment
should have been denied. 
However, landlord's motion to, in effect, dismiss tenant's counterclaim was properly denied.
While this case, which was commenced in 2018, is subject to a four-year statute of limitations for
rent overcharge claims (see former CPLR 213-a; Matter of Regina Metro. Co., LLC v New York State Div of Hous. &
Community Renewal, 35 NY3d 332, 363 [2020]; Onate v Fernandez, 184 AD3d 725 [2020]), where "a landlord has
engaged in fraud in initially setting the rent or removing an apartment from rent regulation," a
court may review the rental history for an apartment beyond the four-year statutory period to
ascertain the amount of damages recoverable during the four-year period (Kreisler v B-U Realty Corp., 164 AD3d
1117, 1117 [2018]; see Matter of
Grimm v State of NY Div. of Hous. & Community Renewal Off. of Rent Admin., 15
NY3d 358 [2010]; Stafford v A & E Real Estate Holdings, LLC, 188 AD3d 583
[2020]). Here, the papers landlord furnished to the court are insufficient to prove, as a matter of
law, that there was no overcharge (see CPLR 3211 [a] [1]; see also CPLR 404,
409). 
Accordingly, the order dated August 14, 2019, insofar as appealed from, is reversed and,
upon reargument, Virginia Murillo's motion for summary judgment dismissing so much of the
complaint as was asserted against her is denied, and the order dated January 15, 2020, insofar as
appealed from, is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021