1010 Realty, LLC v Dixon (2021 NY Slip Op 50575(U))

[*1]

1010 Realty, LLC v Dixon

2021 NY Slip Op 50575(U) [72 Misc 3d 127(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2019-1726 K C

1010 Realty, LLC, Appellant,
against
Denise M. Dixon, Respondent, et al., Undertenants.

Tenenbaum & Shivers, LLP (Joseph Claro of counsel), for appellant.
Denise M. Dixon, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Cheryl J.
Gonzalez, J.), dated August 1, 2018. The order, following a hearing, denied landlord's motion to
restore this licensee summary proceeding to the calendar and for the entry of a final judgment of
possession.

ORDERED that the order is affirmed, without costs.
Landlord commenced this licensee proceeding (RPAPL 713 [7]) against occupant, Denise M.
Dixon, in December 2014, seeking possession of a rent-stabilized apartment. The tenant of
record had passed away in July 2014 and Dixon asserted succession rights in this proceeding. On
June 22, 2017, the parties entered into a so-ordered stipulation of settlement pursuant to which
landlord agreed to provide Dixon a one-year vacancy lease for the subject apartment for a term
commencing July 1, 2017. The stipulation gave Dixon, in effect, a right of first refusal on any
two-bedroom apartment that became available within a year, and further provided that, if no
apartment became available, landlord would provide Dixon with a renewal lease for the subject
apartment. Refusals were required to be in writing and, if Dixon unreasonably rejected a
proffered two-bedroom apartment, landlord was permitted to move to restore the proceeding to
the calendar for the entry of a final judgment of possession. Landlord complied with the
stipulation. In March 2018, Dixon received, executed, and returned a renewal lease for the
subject apartment, choosing a two-year term commencing on July 1, 2018. 
By notice of motion returnable in April 2018, landlord moved to restore the proceeding to
the calendar and for the entry of a final judgment of possession alleging, among other things, that
Dixon had unreasonably rejected a two-bedroom apartment and that the rejection was not made
in writing. By order dated April 16, 2018, the Civil Court granted landlord's motion to the extent
of restoring the matter to the calendar and adjourning the motion for a hearing. Following the
hearing, by order dated August 1, 2018, the Civil Court denied landlord's motion, finding, among
other things, that landlord was bound by the terms of the renewal lease which precluded entry of
a final judgment of possession.
Dixon has a right of possession pursuant to, and is entitled to all of the benefits flowing
from, her rent-stabilized lease for the term commencing July 1, 2017 (see Related Broadway Dev. LLC v
Malo, 58 Misc 3d 154[A], 2018 NY Slip Op 50175[U] [App Term, 1st Dept 2018]). As
landlord admits in its brief, it was required to offer a renewal lease (see Rent Stabilization
Code [RSC] [9 NYCRR]§ 2523.5 [a]). Contrary to landlord's arguments on appeal,
notwithstanding the provisions of the stipulation, RSC § 2520.13 specifically provides that
"[a]n agreement by the tenant to waive the benefit of any provision of the [Rent Stabilization
Law] or [the RSC] is void," and "it is well settled that a waiver of a provision of the Rent
Stabilization Code is unenforceable as a matter of public policy" (164-03, LLC v Poblete, 66 Misc 3d
150[A], 2020 NY Slip Op 50280[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2020]). Thus, under the circumstances presented, the Civil Court properly denied landlord's
motion (see Related Broadway Dev. LLC, 58 Misc 3d 154[A], 2018 NY Slip Op
50175[U]). 
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021