Weston-Pinillos v Seaview Manor, LLC (2022 NY Slip Op 50305(U))

[*1]

Weston-Pinillos v Seaview Manor, LLC

2022 NY Slip Op 50305(U) [74 Misc 3d 137(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-250 K C

Elizabeth Weston-Pinillos, Respondent,
against
Seaview Manor, LLC, Appellant, MDE Realty, LLC, Defendant.

Traub Lieberman Straus & Shrewsberry, LLP (Colleen E. Hastie of counsel), for appellant.
Law Office of Siler & Ingber, LLP (Gina Hatami and Christopher J. Longman of counsel),
for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), dated November 13, 2020. The order, insofar as appealed from, denied, as untimely,
so much of the branch of a motion as was by defendant Seaview Manor, LLC seeking summary
judgment dismissing so much of the complaint as was asserted against it.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
matter is remitted to the Civil Court for a determination of the merits of so much of the branch of
the motion as was by defendant Seaview Manor, LLC seeking summary judgment dismissing so
much of the complaint as was asserted against it.
Plaintiff, who was employed as an aide by a home care agency, worked at an assisted living
facility located on premises owned by defendant MDE Realty, LLC and operated by defendant
Seaview Manor, LLC (Seaview). Plaintiff commenced this action in the Supreme Court, Kings
County, in 2017 seeking to recover for injuries she allegedly sustained after being assaulted by a
resident of the facility. 
The action was removed to the Civil Court, Kings County, on December 4, 2019, pursuant to
CPLR 325 (d). In August 2020, defendants moved, among other things, for summary judgment
dismissing the complaint. Insofar as is relevant to the instant appeal, upon findings [*2]that the motion had been made more than 120 days after plaintiff
had filed her note of issue and more than 120 days after the last deposition had been held, the
Civil Court denied, as untimely, so much of the branch of the motion as was by Seaview seeking
summary judgment dismissing so much of the complaint as was asserted against it. 
CPLR 3212 (a) requires that motions for summary judgment be made no later than 120 days
after the filing of the note of issue, "except with leave of court on good cause shown" (CPLR
3212 [a]; see Miceli v State Farm Mut.
Auto. Ins. Co., 3 NY3d 725, 726 [2004]; Brill v City of New York, 2 NY3d 648 [2004]). As the
"examination of good cause is sui generis" (Mark C. Dillon, Practice Commentaries, McKinney's
Cons Laws of NY, Book 7B, CPLR 3212:14), we review the series of events which Seaview
cited as reasons for the lateness of its motion.
Following the joinder of issue, discovery schedules were established at a series of
compliance conferences in the Supreme Court, together with a date by which plaintiff was
required to file a note of issue. Defendants' motion to vacate the initial note of issue was granted
on consent in an order that set further discovery dates and required plaintiff to file a new note of
issue by October 30, 2018. A subsequent "final pre-note order" adhered to the October 30, 2018
note of issue filing date, but also established discovery dates that extended into March 2019.
After defendants timely moved to vacate the October 2018 note of issue, or, in the alternative, to
extend their time to move for summary judgment, the Supreme Court established new discovery
dates and extended defendants' time to move for summary judgment to April 24, 2019. Although
subsequent Supreme Court orders set deposition dates and times for post-deposition demands
that extended past April 24, 2019, the Supreme Court denied the branch of defendants' April
2019 motion seeking to extend their time to move for summary judgment, "with leave to renew
before IAS Judge pursuant to Brill [2 NY3d 648]." A final deposition was conducted on July 22,
2019.
In an order dated December 4, 2019, the Supreme Court resolved a final discovery motion by
ordering plaintiff to appear for a physical examination on January 23, 2020, and also transferred
the action to the Civil Court, Kings County, pursuant to CPLR 325 (d). Thereafter, the action fell
into a period of administrative limbo, pending the Civil Court's issuance of a Civil Court index
number. On March 7, 2020, Governor Andrew Cuomo issued Executive Order Number 202,
declaring a disaster emergency for the State of New York, based on the outbreak of the
COVID-19 pandemic. On March 10, 2020, the clerk's office of the Civil Court issued a receipt
which set forth the Civil Court index number for this action. On March 20, 2020, Executive
Order 202.8 (9 NYCRR 202.8) tolled "any specific time limit for the commencement, filing, or
service of any legal action, notice, motion, or other process or proceeding. . . as prescribed by the
procedural laws of the state, . . . or by any other . . . order," the effect of which was continued to
November 3, 2020 (see Brash v
Richards, 195 AD3d 582, 583-584 [2021]). When defendants moved for summary
judgment dismissing the complaint in August 2020, they explained the reasons for their delay in
making the motion, including the issuance of Executive Order 202.8, which defendants
interpreted as having tolled the time in which they were required to move for summary
judgment.
The Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (a) contemplate that a note
of issue will not be filed until discovery is complete, and, absent court order, CPLR 3212 (a)
permits 120 days from the filing of a note of issue in which to move for summary judgment.
Nevertheless, in this action, pursuant to court order, the note of issue was filed before discovery
was complete. We note that, at least until the COVID-19 emergency was declared, at each
juncture when a note of issue was filed or Seaview's court-ordered time to move for summary
judgment was approaching, Seaview timely sought either to vacate the note of issue or to extend
its time to move for summary judgment. Thus, Seaview repeatedly sought to avoid making a late
motion. Executive Order 202.8 and the ensuing executive orders which issued following the
declaration of the COVID-19 emergency, which, among other things, tolled specific time limits
as prescribed by the procedural laws of the state or by order for the making of motions, have been
interpreted as having " 'effectively led to a time-out in litigation, in the courts and in society in
general' " (Bastell v Village of Rye
Brook, 71 Misc 3d 1216[A], 2021 NY Slip Op 50394[U], *3 [Sup Ct, Westchester
County 2021], quoting Moore and Gaier, Toll on Statutes of Limitations During the COVID-19
Emergency, NYLJ, June 2, 2020 at 3, col 1).
Under the totality of circumstances, including the issuance of a note of issue while discovery
was incomplete, the transfer of the action to the Civil Court and the Civil Court's long delay in
issuing an index number, the occurrence of a pandemic and the resulting issuance of executive
tolling orders, and Seaview's history, prior to the pandemic, of having repeatedly and promptly
sought to safeguard its entitlement to move for summary judgment, we conclude that Seaview
demonstrated good cause for its delay in moving for summary judgment, and that the Civil Court
improvidently exercised its discretion in denying, as untimely, Seaview's requested relief. The
matter is therefore remitted to the Civil Court for a determination of the motion, insofar as is
before this court on this limited appeal.
Accordingly, the order, insofar as appealed from, is reversed, and the matter is remitted to
the Civil Court for a determination of the merits of so much of the branch of the motion as was
by defendant Seaview Manor, LLC seeking summary judgment dismissing so much of the
complaint as was asserted against it.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022