603 N.J. Ave., LLC v Hall (2022 NY Slip Op 50303(U))

[*1]

603 N.J. Ave., LLC v Hall

2022 NY Slip Op 50303(U) [74 Misc 3d 137(A)]

Decided on April 1, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 1, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-47 K C

603 New Jersey Avenue, LLC, Appellant,
against
Samuel C. Hall, Respondent, and Charlotte Burke-Hall, Tenant.

Wenig Saltiel, LLP (Meryl L. Wenig of counsel), for appellant.
The Legal Aid Society (Alicia Mason of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc
Finkelstein, J.), dated January 14, 2020. The order, insofar as appealed from as limited by the
brief, granted tenant's motion for leave to conduct discovery in a nonpayment summary
proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
In this nonpayment proceeding, insofar as is relevant to this appeal, tenant Samuel C. Hall
[FN1]
moved for leave to conduct discovery relating to overcharge affirmative defenses and
counterclaims. As limited by its brief, landlord appeals from so much of an order dated January
14, 2020 as granted tenant leave to conduct discovery. 
Since this proceeding was commenced in 2018, before the enactment of the Housing
Stability and Tenant Protection Act of 2019 (L 2019, ch 36, § 1, part F), tenant's overcharge
claim is generally limited to the four-year look-back period in examining the rental history of the
apartment (see Rent Stabilization Law of 1969 [Administrative Code of City of NY]
§ 26—516 [a] [2]; Matter of
Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35
NY3d 332 [2020]; Rossman v
Windermere Owners LLC, 187 AD3d 527 [2020]). An exception to the foregoing rule
exists, however, where "a landlord has engaged in fraud in [*2]initially setting the rent or removing an apartment from rent
regulation," in which case a court may review the rental history for an apartment beyond the
four-year statutory period (Kreisler v
B-U Realty Corp., 164 AD3d 1117, 1117 [2018]; see Matter of Grimm v State of NY Div. of Hous. & Community
Renewal Off. of Rent Admin., 15 NY3d 358 [2010]; 40-40-40-38 78th St., LLC v Murillo, 72 Misc 3d 127[A], 2021 NY
Slip Op 50578[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]).
Since a summary proceeding is a special proceeding (see RPAPL 701 [1]), disclosure
is permitted by "[l]eave of court" (CPLR 408) upon a showing of ample need (see Mautner-Glick Corp. v Higgins, 64
Misc 3d 16, 18 [App Term, 1st Dept 2019]; Neighborhood Partnership Housing
Development Fund Corp. v Okolie, 2003 NY Slip Op 50707[U] [App Term, 2d Dept, 2d
& 11th Jud Dists 2003]; New York Univ.v Farkas, 121 Misc 2d 643, 647 [Civ Ct,
NY County 1983]). Here, by demonstrating a 47.9% unexplained increase in rent from the
immediately preceding tenant to tenant herein, a failure to file any registrations for several years,
and what the Civil Court characterized as "multiple and unclear registrations," tenant has alleged
a colorable claim of fraud in the initial setting of the rent so as to warrant the Civil Court's
finding that there was ample need for discovery relevant to that defense. Landlord's allegation
that the proposed discovery is overly burdensome was raised for the first time in its reply brief
and, therefore, that contention is not properly before this court (see Boddie-Willis v Marziliano, 78
AD3d 978, 979 [2010]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 1, 2022

Footnotes

Footnote 1: Tenant Charlotte Burke-Hall has
neither appeared nor answered the petition.