Crown Wisteria, Inc. v Cibani (2024 NY Slip Op 02253)

Crown Wisteria, Inc. v Cibani

2024 NY Slip Op 02253

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 651307/18 Appeal No. 1364 Case No. 2022-04444 

[*1]Crown Wisteria, Inc., Plaintiff-Appellant,
v
Fiona Madeline Cibani, Defendant-Respondent, Shawmut Woodworking & Supply, etc., Defendant.

Levy Goldenberg LLP, New York (Andrew R. Goldenberg of counsel), for appellant.
Robinson & Cole LLP, New York (Jessica L. Rothman of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about September 19, 2022, which awarded plaintiff $10 in nominal damages and $30,000 in attorneys' fees, and denied compensatory damages and the remainder of the attorneys' fees sought by plaintiff, unanimously affirmed, without costs.
In 2017, plaintiff and defendant, owners of adjoining townhouses, entered into a license agreement that provided defendant with limited access to plaintiff's property to facilitate defendant's planned demolition and renovation work on her property. As a substantial term of this license agreement, defendant agreed to use high-quality historic brick matching the front faÇade of her building to rebuild a party wall facing plaintiff's rear wall. However, defendant breached this agreement and chose to use a cheaper brick that was not an exact match (see Crown Wisteria, Inc. v Cibani, 178 AD3d 524 [1st Dept 2019]).
Plaintiff sued for breach of contract. In its April 17, 2018 amended complaint, it sought damages of no less than: (1) the cost to build a wall on plaintiff's own property with matching brick; (2) the value of the loss of plaintiff's property that would be occupied by the new wall; and (3) the "diminution in market value [to plaintiff's property] due to Defendant's breach." On May 25, 2018, defendant served a discovery demand seeking documentation supporting the damages sought by plaintiff. On June 4, 2018, plaintiff filed a note of issue without having produced any discovery relevant to damages.
Trial on damages took place on November 25 and December 2, 2019. At trial, on direct examination, plaintiff's representative, Susan Stamell, did not testify at all as to the damages that she sought. On cross-examination, she testified that she sought "removal and replacement of the brick, installing brick that matches in accordance with the agreement" and that she would be satisfied if defendant replaced the brick instead of paying her money. However, both on redirect and on subsequent questioning by the court, she said it would be a "nightmare" if defendant replaced the brick. She concluded that she would rather have "the money that [defendant] saved by not putting up the right brick, the money it would cost [defendant] to take that brick down and re-put it up." None of her testimony supported her claim for damages as stated in her amended complaint.
Plaintiff also presented testimony by contractor Andrew Liebhaber. He testified that, in or about late spring 2019, plaintiff asked him to prepare a written estimate of the cost to remove the wall from defendant's property and rebuild it with matching brick. His July 22, 2019 estimate was entered into evidence, over defendant's objection. It lists the total estimate as $646,000, which includes $140,000 for "[p]urchas[ing] new bricks." The estimate does not state the price per brick or the number of bricks required. Liebhaber testified that his figure for the cost of purchasing new bricks was [*2]based on a written estimate provided to him by Ms. Stamell. He did not know how Ms. Stamell obtained it, he did not recall the cost per brick in the estimate, and it was not entered into evidence. Liebhaber testified that the line item figures in his estimate generally were based on his "knowledge or pricing from previous jobs."
In a nonjury trial, we defer to the findings of the trial court "unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992] [internal quotation marks omitted]; see also Rossman v Windermere Owners LLC, 187 AD3d 527, 528 [1st Dept 2020]).
Here, plaintiff had the burden of proving its damages at trial "with a reasonable certainty" (City of New York v State of New York, 27 AD3d 1, 4 [1st Dept 2005], lv denied 6 NY3d 711 [2006]). Testimony based on documents not in evidence or that relies on unsupported assumptions or estimations will not support a damages award (id. at 9). A plaintiff who fails to prove actual damages is entitled to only nominal damages (see Quik Park W. 57 LLC v Bridgewater Operating Corp., 189 AD3d 488, 489 [1st Dept 2020]; Good Karma Prods. v Penthouse Intl., 88 AD2d 561, 561 [1st Dept 1982], affd 59 NY2d 775 [1983]). Plaintiff's representative gave no testimony as to damages on her direct examination, and her subsequent discussion of damages was at best inconsistent. The trial court appropriately gave little if any weight to Liebhaber's testimony. Because he testified as a fact witness and was not qualified as an expert, his opinions are entitled to no weight (see City of New York, 27 AD3d at 9; see also HOV Servs., Inc. v ASG Tech. Group, Inc., 212 AD3d 503, 506 [1st Dept 2023] ["lay witnesses are not ordinarily permitted to offer opinion testimony"]). His testimony about the contents of the matching brick estimate provided to him by Ms. Stamell was hearsay and insufficient to meet plaintiff's burden, since that document was not in evidence (see City of New York v State of New York, 27 AD3d at 9). Accordingly, the trial court appropriately determined that plaintiff failed to meet its burden to prove more than the nominal damages the court awarded.
For the first time on appeal, plaintiff alternatively seeks damages in an amount equal to the price of the matching brick that defendant sourced but did not use. Even if plaintiff's request were properly before this Court, there is nothing in the trial record that supports the figure proposed by plaintiff. No evidence was admitted as to the cost of the bricks defendant used, so it is not possible to determine the difference between that figure and the cost of matching bricks. Moreover, as discussed above, there is no competent evidence of the cost of the matching brick.
At trial, plaintiff sought $307,550.89 in counsel fees. [*3]As the trial court correctly found, plaintiff is entitled to counsel fees even though it is entitled to only nominal damages (see Greenman-Pedersen, Inc. v Berryman & Henigar, Inc., 130 AD3d 514, 517 [1st Dept 2015], lv denied 29 NY3d 913 [2017]). Moreover, as this Court previously found, the indemnification clause in the parties' licensing agreement, which provides for payment of counsel fees "as they incur," applies to plaintiff's claim for breach of contract (see Crown Wisteria, Inc., 178 AD3d at 525). However, the trial court found that the amount sought by plaintiff was unreasonable after considering the relevant factors, including "the time and labor required, the difficulty of the issues involved, and the skill and effectiveness of counsel" (JK Two LLC v Garber, 171 AD3d 496, 496 [1st Dept 2019]).
We defer to the trial court's discretion in awarding reasonable counsel fees, and should not disturb such awards absent an abuse of discretion (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24 [1st Dept 2009]). Here, plaintiff did not disclose her proposed expert, Mary Jablonski, in a timely way and she was precluded from testifying. Consistent with that ruling, the court appropriately found that plaintiff was not entitled to recovery for fees arising from Ms. Jablonski's retention and preparation or in connection with the litigation that resulted in her being precluded from testifying. The trial court further appropriately found that fees in connection with plaintiff's preliminary injunction and stay applications before the trial court and this Court, all of which were denied, were not reasonable.
The trial court appropriately determined that plaintiff failed to demonstrate the reasonableness of fees billed by Darin Wizenberg, a criminal attorney, and Mark Zauderer, who did not participate in the only hearing he attended. Given the relatively simple and straightforward nature of this contract matter, plaintiff's counsel failed to demonstrate any reason why he should reasonably have required the assistance of outside counsel. This is particularly so in light of the trial court's finding that he is a "seasoned attorney specializing in complex litigation." Furthermore, the trial court appropriately found that plaintiff's counsel failed to demonstrate through testimony the reasonableness of items that were blockbilled, and that the bills themselves do not provide adequate information to explain or justify the fees charged. Indeed, the trial court reasonably found that many blockbilled items, including for the fee hearing itself and for filing papers, were "excessive on their face," given the straightforward nature of this litigation. Accordingly, we affirm the trial court's award of counsel fees.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024