Palms P. T., P.C. v State Farm Fire & Cas. Co. (2025 NY Slip Op 50706(U))

[*1]

Palms P. T., P.C. v State Farm Fire & Cas. Co.

2025 NY Slip Op 50706(U)

Decided on May 2, 2025

Civil Court Of The City Of New York, Kings County

Roper, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 2, 2025
Civil Court of the City of New York, Kings County

Palms P. T., P.C. a/a/o LANETTE RIVERA, Plaintiff(s)

against
State Farm Fire & Cas. Co., Defendant(s)

Index No. CV-704124-21/KI

Kopelevich & Feldsherova, P.C., Brooklyn, for Plaintiff
Siegel & O'Leary LLP, Ballston Spa, for Defendant.

Sandra Elena Roper, J.

Recitation, as required by CPLR §2219(a) of the Papers considered in review of this Motion:
Papers
Notice of motion & Affidavits Annexed 1-2
Affirmation in Opposition & Affidavits Annexed 3-4
Defendant's Memorandum of Law 5
Decision and Order of Defendant's Motion for Summary Judgment pursuant to CPLR 3212 is hereby determined as follows:
The initial COVID-19 Pandemic Gubernatorial Executive Order declaring a state of Emergency in New York was signed on March 7, 2020, 9 NYCRR § 8.202 followed by successive orders specifically titled "Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency" 9 NYCRR § 8.202.1 et seq. mandating various forms of unprecedented restrictions to persons, the private sector, government at large and the tolling of various statutory procedural time limits (see Brash v Richards, 195 AD3d 582, 585 [2d Dept 2021]). Because of the dire need for urgent guidance to be set in place not merely for the rule of law but for the societal public health need for the preservation of life, the Executive Branch decreed, with emergency due deliberation, without the luxury of time to finesse the EOs to attend to every prospective scenario as a result of this quite traumatic tragic scourge inflicted on its citizenry. Thus, write it and let the Judicial Branch work out the kinks thereafter. This instant [*2]matter presents one of those kinks, which has similarly been before This Court previously, of which the Appellate Term 2nd Dept rebuked This Court as having "improvidently exercised its discretion" (Weston-Pinillos v Seaview Manor, LLC, 74 Misc 3d 137 [A], 2022 NY Slip Op 50305[U], *6 [App Term 2022]). Therein, the Appellate Court invoked "the totality of circumstances" test in the exercise of judicial discretion and in the interest of justice in deliberation of COVID-19 Pandemic disputations in the law (id.)
In this instant matter, the facts are undisputed. Defendant scheduled EUOs for March 30, 2020, May 4, 2020, June 17, 2020 and July 6, 2020 in attempt to comply with the No-Fault Insurance Law 11 NYCRR § 65-1.1 notwithstanding the various EOs in effect restricting movement and gathering of persons as well as mandated closing of non-essential businesses, which law firms were considered as such. The Pandemic was a chaotic time in the law. Although the Judicial Branch never closed, the ramp up for emergency adjudication was quite challenging. Quite a bit of time was spent in laborious efforts in finding counsel and litigants, which was difficult because not only did the courts tragically lose judges and court personnel, but likewise tragedy also similarly struck the Bar as well. It was an intense effort to locate people in general, even after the lifting of the closing of non-essential businesses by EO 9 NYCRR § 8.202.41 effective June 12, 2020. Here, Defendant provides affidavits and admissible documents to establish its communications with Assignor of its four attempts to reschedule the EUOs as the various successive EOs were decreed. Ultimately, scheduling for June 17, 2020 after the June 12, 2020 reopening EO. Arguendo, where the successive EO had not allowed reopening on June 12, 2020 or, on or before June 17, 2020, then this June 17, 2020 EUO would similarly be considered a nullity as the previously scheduled March 30, 2020 and May 4, 2020 scheduled during the closure. It is of no moment that May 4, 2020, provided for Virtual EUO option as Plaintiff argues. Under the totality of the circumstances test, Defendant made its best efforts to comply with the No-Fault insurance law 11 NYCRR § 65-1.1 while maneuvering to concomitantly comply with the ever-changing EOs during the Pandemic. June 17, 2020 is found to be the first EUO No-show, July 6, 2020, the second EUO No-show and denial was timely. Defendant therefore met its burden for judgment as a matter of law. Upon the shifting of the burden to rebut this finding, Plaintiff fails. Arguendo, where Plaintiff would have brought any evidence or reasonable justification for Assignor's EUO No-show up to and including the actual writing of this decision and order, This Court would have considered same because of the extraordinary once in a 100 year COVID-19 Pandemic that requires a lessened degree to meet a standard upon a careful judicial analysis of the facts and a balancing of the competing interests presented for the invocation of non-hyper technical relaxed judicial discretion to render a decision in the interest of justice (see Weston-Pinillos v Seaview).
For the foregoing reasons, Motion for Summary Judgment GRANTED in favor of Defendant. Complaint is dismissed with prejudice.
This Constitutes Decision and Order of This Court.
Date: May 2, 2025
Brooklyn, New York
Hon. Sandra Elena Roper, JCC