■ SYLVAN LAWRENCE COMPANY, INC., Plaintiff, v DOWNTOWN/ MIDTOWN PROPERTIES LLC et al., Defendants and Third-Party Plaintiffs-Respondents. NINETY-FIVE WALL STREET COMPANY et al., Third-Party Defendants-Appellants. [779 NYS2d 780]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 9, 2002, which, to the extent appealed from as limited by the briefs, confirmed the report of a Referee after hearing, granted defendants partial summary judgment on their third-party cause of action for breach of contract, and denied third-party defendants' cross motion to reject the Referee's report and for summary judgment dismissing the third-party claims, unanimously modified, on the law, to the extent of limiting the grant of partial summary judgment to third-party plaintiff Downtown/Midtown Properties, and otherwise affirmed, without costs.

The Referee's report did not exceed the scope of his reference. He clearly defined the issues, and his findings are supported in the record (*Nager v Panadis*, 238 AD2d 135 [1997]). Specifically, the court properly confirmed the Referee's conclusion that "usual and customary" charges for consumption of electricity had no relationship to charges for taxes and maintenance normally found in an "EDF agreement" with Con Edison. Partial summary judgment on the issue of liability for breach of contract was appropriate without additional discovery since the argument in opposition was based on speculation and the facts

sought to be proven therein were not essential in light of the Referee's determination (*see e.g. Bailey v New York City Tr. Auth.*, 270 AD2d 156 [2000]). However, the court erred in granting summary judgment to all third-party plaintiffs, as only Downtown/Midtown Properties had brought the motion, and there was no showing that the remaining third-party plaintiffs had standing. Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.