Sang Cheol Woo v Spackman (2021 NY Slip Op 04287)





Sang Cheol Woo v Spackman


2021 NY Slip Op 04287


Decided on July 08, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 08, 2021

Before: Manzanet-Daniels, J.P., Webber, Singh, Kennedy, JJ. 


Index No. 652795/17 Appeal No. 14186N Case No. 2020-03770 

[*1]Sang Cheol Woo, Plaintiff-Respondent,
v
Charles C. Spackman, Defendant-Appellant.


Hecht Partners LLP, New York (Andrew J. Lorin of counsel), for appellant.
Kobre & Kim LLP, New York (Darryl Stein of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered July 8, 2020, which, inter alia, held defendant Charles C. Spackman in civil contempt of court and ordered that he pay a fine of $500 per day until the contempt was purged, unanimously affirmed, with costs.
Clear and convincing evidence supports the court's entry of the contempt order (El Dehdan v El Dehdan, 26 NY3d 19, 29 [2015]; Tener v Cremer, 89 AD3d 75, 78 [1st Dept 2011]). The record established that Spackman disobeyed the plain terms of the court's earlier order requiring compliance with the subpoena, which clearly mandated that he respond to the subpoena "fully, completely, and truthfully" by March 10, 2020. Spackman failed to provide any answers to the subpoena by the deadline, submitting his first responses nearly three months later. When Spackman finally did respond to the subpoena in June of 2020, the information provided was demonstrably incomplete and untruthful.
Spackman's reliance on the COVID-19 pandemic as an excuse for his noncompliance falls short. He was served with the subpoena in June of 2019, months before the pandemic emerged. Moreover, not all of the information Spackman was ordered to turn over required collection from third parties or outside sources. Finally, Spackman's failure to appear at the contempt hearing itself  despite having been offered the option of attending via videoconference, and being on notice that his failure to appear could result in his arrest  was in and of itself sufficient grounds for contempt (see e.g. Green v Green, 288 AD2d 436, 437 [2d Dept 2001]).
We have considered Spackman's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 8, 2021