60 E. 9th St. Owners Corp. v Zihenni (2021 NY Slip Op 07494)





60 E. 9th St. Owners Corp. v Zihenni


2021 NY Slip Op 07494


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 104135/08 Appeal No. 14919 Case No. 2021-02527 

[*1]60 E. 9th Street Owners Corp., Plaintiff-Respondent,
v
Albert N. Zihenni, Defendant-Appellant.


Bleakley Platt & Schmidt, LLP, White Plains (Vincent W. Crowe of counsel), for appellant.
Smith, Buss & Jacobs, LLP, Yonkers (John J. Malley of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 1, 2021, which, insofar as appealed from as limited by the briefs, denied defendant's motion to vacate the court's prior order, dated April 9, 2019, and granted plaintiff's motion to the extent of holding defendant in civil contempt for disobeying and resisting the April 9, 2019 order, unanimously affirmed, with costs.
The motion court providently exercised its discretion in granting the motion to hold defendant in civil contempt, as plaintiff established by clear and convincing evidence that defendant violated a lawful, clear mandate of the court, of which he had knowledge, and that the violation resulted in prejudice to plaintiff (Judiciary Law § 753; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Sang Cheol Woo v Spackman, 196 AD3d 433, 433 [1st Dept 2021]). Likewise, the court providently exercised its discretion in denying defendant's motion to vacate. The evidence submitted by plaintiff in opposition to defendant's motion adequately addressed and refuted defendant's allegations that he had not engaged in any misconduct warranting the requested relief.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021