Matter of People of the State of New York v Trump (2023 NY Slip Op 00825)

Matter of People of the State of New York v Trump

2023 NY Slip Op 00825

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 451685/20 Appeal No. 17340 Case No. 2022-01812 

[*1]In the Matter of People of the State of New York etc., Petitioner-Respondent,
v
Donald J. Trump, Respondent-Appellant, The Trump Organization, Inc. et al, Respondents.

Habba Madaio & Associates LLP, New York (Alina Habba of counsel), for appellant.
Letitia James, Attorney General, New York (Eric Del Pozo of counsel), for respondent.

Order, Supreme Court, New York County (Arthur Engoron, J.), entered on or about April 27, 2022, which granted petitioner's motion to hold respondent Donald J. Trump in civil contempt and imposed a sanction of $10,000 per day until the contempt was purged, unanimously affirmed, without costs.
The court providently exercised its discretion in granting, without holding an evidentiary hearing or requiring the parties to meet and confer, the motion to hold respondent in civil contempt for disobeying the part of the court's prior order, entered February 17, 2022, that had directed his prompt and full compliance with the document demands and related instructions in a December 1, 2021 subpoena petitioner issued to him (see Sexter v Kimmelman, Sexter, Warmflash & Leitner, 277 AD2d 186, 187 [1st Dept 2000]), and in issuing the daily financial sanction to compel his compliance with its order (see Sang Cheol Woo v Spackman, 196 AD3d 433 [1st Dept 2021]; Kozel v Kozel, 161 AD3d 699, 700 [1st Dept 2018], lv denied 32 NY3d 1089 [2018]).
The court correctly determined, based on the papers on the motion, that petitioner established by clear and convincing evidence that respondent's March 31, 2022 response to the subpoena, stating that a diligent search had failed to locate any responsive documents in his possession or custody, without providing any search or document retention policy details as required under the subpoena's unambiguous instructions, prejudicially violated the lawful, clear mandate of the court, of which he had knowledge. The court correctly found, and adequately recited, that that violation was calculated to, and actually did, impair petitioner's rights or remedies (Judiciary Law §§ 753, 770; see El-Dehdan v El-Dehdan, 26 NY3d 19, 28-29 [2015]; 60 E. 9th St. Owners Corp. v Zihenni, 200 AD3d 587 [1st Dept 2021]).
We further find that the financial sanction to compel compliance was a proper exercise of the court's discretionary power and was not excessive or otherwise improper, under the particular circumstances (see Pacific Alliance Asia Opportunity Fund L.P. v Kwok Ho Wan, 199 AD3d 423 [1st Dept 2021]; International Bus. Machs. Corp. v United States, 493 F2d 112, 115 [2d Cir 1973]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023