60 E. 9th St. Owners Corp. v Zihenni (2024 NY Slip Op 06647)

60 E. 9th St. Owners Corp. v Zihenni

2024 NY Slip Op 06647

Decided on December 31, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 31, 2024

Before: Renwick, P.J., González, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 104135/08 Appeal No. 3362 Case No. 2023-3901 

[*1]60 E. 9th Street Owners Corp., Respondent,
v
Albert N. Zihenni, Appellant.

Mark A. Guterman, White Plains, for appellant.
Smith, Buss & Jacobs, LLP, Yonkers (John J. Malley of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered June 22, 2023, which denied in part defendant's motion to vacate a prior order of the court, dated April 9, 2019, unanimously affirmed, with costs.
Plaintiff, a cooperative apartment corporation, commenced this action in 2008 to compel defendant, a shareholder, to legalize alterations and renovations that he performed in his apartment without the requisite permits from the Department of Buildings (DOB). Defendant's failure to cure, and his subsequent interference with plaintiff's court-mandated efforts to legalize defendant's unauthorized work, has generated protracted litigation and unnecessary expense for more than a decade.
Defendant now seeks to vacate the April 9, 2019 and June 16, 2023 orders that enjoin him from making further alterations in the apartment and prohibit defendant and his agents from communicating with DOB concerning the legalization or conditions of the apartment, or interfering in any way with the legalization and improvement of the apartment by plaintiff.
Defendant's constitutional arguments, raised for the first time on appeal, are not beyond consideration simply because they are newly raised (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). They are barred by the law of the case, as the precise restrictions in the permanent injunction about which he complains have been affirmed by this Court (see 60 E. 9th St. Owners Corp. v Zihenni, 200 AD3d 587 [1st Dept 2021]).
Were we to reach the merits, we would reject his arguments. Defendant complains that the court's bar on his contacting municipal agencies, such as the Department of Buildings (DOB), violated the First Amendment and separation of powers. However, defendant has repeatedly abused this right by making false, malicious reports and complaints that have thwarted the court's prior orders, imposed costs, and interfered with the property rights of plaintiff cooperative. In one such instance where defendant defied the court's directive and contacted DOB, plaintiff's work to legalize the apartment was suspended and an audit was opened. Under the circumstances, limiting defendant's access to those municipal entities, subject to court approval, is not a violation of the Constitution (see e.g. Oparaji v Yablon, 159 AD3d 539, 539 [1st Dept 2018], lv dismissed in part, denied in part 32 NY3d 1142 [2019]).
Defendant is mistaken that the court granted relief to plaintiff beyond that which was sought. The court granted plaintiff no relief. It merely responded to defendant's motion by restating substantially the same order.
Defendant also incorrectly seeks to apply the preliminary injunction standard to this motion and place the burden on plaintiff. The motion at issue was defendant's motion under CPLR 5015. It was thus his burden to establish a basis for vacatur.
Finally, the court made proper findings of fact. Defendant's statements describing the [*2]condition of the apartment when he retook possession were definitively refuted by photographic evidence. He did not deny that he contacted City agencies in violation of the court's prior orders.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 31, 2024