Matter of People of the State of New York v VDARE Found., Inc. (2026 NY Slip Op 00858)

Matter of People of the State of New York v VDARE Found., Inc.

2026 NY Slip Op 00858

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 435196/22|Appeal No. 5805-5806-5807|Case No. 2024-07241, 2024-07242, 2025-05045|

[*1]In the Matter of People of the State of New York, Petitioner-Respondent,
vVDARE Foundation, Inc., Respondent-Appellant.

Law Office of Frederick C. Kelly, Goshen (Frederick C. Kelly of counsel), for appellant.
Letitia James, Attorney General, New York (Andrea W. Trento of counsel), for respondent.

Judgment, Supreme Court, New York County (Sabrina Kraus, J.), entered May 20, 2025, bringing up for review an order, same court and Justice, entered on or about October 17, 2024, which held respondent in contempt of prior orders dated January 23, 2023, December 12, 2023, and March 27, 2024, and imposed a fine of $43,500, with increasing daily fines of $1,000 per day until respondent submits a certification of compliance with the prior orders, unanimously affirmed, with costs. Order, same court and Justice, entered on or about October 22, 2024, which confirmed the report of the Special Referee requiring respondent to produce wholly unredacted documents for the Referee's review, redaction, and production to petitioner, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in holding respondent in civil contempt, as petitioner established by clear and convincing evidence that respondent violated lawful, clear mandates of the court, of which it had knowledge, and that the violation resulted in prejudice to petitioner (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; 60 E. 9th St. Owners Corp. v Zihenni, 200 AD3d 587, 587-588 [1st Dept 2021]). Even if respondent's failure to produce wholly unredacted documents to the Referee was not, itself, in contempt of a clear and unequivocal mandate by the court, the court's December 2023 and March 2024 orders properly found respondent's document productions to petitioner to be in clear contempt of the January 2023 order compelling compliance with its discovery obligations under the subpoena issued by petitioner. Moreover, the record establishes that respondent did not, at any time, take any of the requisite steps to purge its contempt that was continuing as of the October 2024 order underlying the judgment.
Respondent failed to preserve its argument that the amount of the contempt fines imposed was excessive and unconstitutional, and that contention, in any event, is unavailing (see e.g. Matter of People v Trump, 213 AD3d 503, 504 [1st Dept 2023]).
Finally, the court properly confirmed the Referee's interim report and recommendation, which was within the scope of the reference, substantially supported by the record, and not otherwise improper (see Sylvan Lawrence Co., Inc. v Downtown/Midtown Props. LLC, 9 AD3d 257, 257 [1st Dept 2004], lv dismissed 3 NY3d 766 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026